THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES EVERETT, Appellant.—

No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Ughetta, Kleinfeld and Brennan, JJ., concur; Pette, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The defendant stands convicted upon an alleged confession which in part admitted that he pawned a watch belonging to the decedent. As to that portion of the proof relating to the defendant's possession and pawning of the watch, the learned Trial Judge charged the jury that if they found defendant in recent and exclusive possession of the fruits of a crime and that if such possession was unexplained or falsely explained, they could draw the inference that the defendant " is the criminal." In marshalling the proof on this vital incident, the court narrated the defendant's explanation of how he obtained the watch, i.e., by taking it as collateral for a $10 loan to "unknown man" during a card game, and then went on to state: " If you find his testimony to be truthful and, gentlemen, you are the judges of the facts in this case, then he has explained his possession. He has met the requirements of the law on this point. On the other hand, if you find that he did not explain his recent possession of the alleged stolen watch or that the explanation he gave was false, then under the law you do not have to, but you may draw an inference of the commission of a larceny by the defendant." To this portion of the charge, the defendant's trial counsel duly excepted. In my opinion, this portion of the charge was prejudicial to the defendant, for it cast upon him instead of upon the People the burden of proof of establishing how the watch came into his possession. In the evaluation of the defendant's possession of the watch, it was incumbent upon the Trial Judge to further instruct the jury that upon the proof adduced they had to decide the preliminary question of whether the defendant was the thief who bludgeoned the decedent to his death or was a mere receiver of stolen goods. As was said by CARDOZO, J., in *People* v. *Galbo* (218 N. Y. 283, 291) " as soon as evidence is offered that the theft was committed by some one else, the inference changes ". However, the jury in this case was not informed that the defendant's version had shifted the inference covered in the charge, so that it remained incumbent upon the People to sustain their burden of proof to the extent that it was the defendant who was the thief who murdered the decedent. While the prosecution did not have to pursue this burden to a mathematical certainty, it was incumbent upon the court to charge that the prosecution, in seeking by circumstantial evidence to establish recent possession of the fruits of the crime, had to do so " by clear and convincing evidence * * * of such a character as, if true,

to exclude to a moral certainty every other inference but that of recent and exclusive possession" by defendant. (*People* v. *Foley*, 307 N. Y. 490, 492–493.)