Burke, J.
The judgments convicting defendants of felony murder and sentencing them to death must be reversed and new trials ordered.
The most substantial errors raised by appellants concern the admissibility of their confessions, nature of the search resulting in discovery of the revolver, sufficiency of evidence corroborating accomplice testimony, and propriety of actions of the District Attorney.
We hold that no error was committed in submitting to the jury, under proper instructions, the voluntary nature of the confessions, although obtained after removal from the county jail, and during a delay in arraignment (Rogers v. Richmond, 365 U. S. 534; Stein v. New York, 346 U. S. 156, 187-188). Admissibility of confessions is a matter of State procedure (Rogers v. Richmond, supra, p. 543). Nothing in Mapp v. Ohio (367 U. S. 643) is to the contrary.
It is evident that Mapp does not bar the admission, as evidence, of the revolver found in McNair’s car, unless it was seized by an unreasonable search, for “ It is [only] unreasonable searches that are prohibited by the Fourth Amendment.” (United States v. Rabinowitz, 339 U. S. 56, 60; Carroll v. United States, 267 U. S. 132,147). A search incident to a lawful arrest is itself lawful (People v. Defore, 242 N. Y. 13, 18; People v. *353 Chiagles, 237 N. Y. 193; Carroll v. United States, supra) and, regardless of the character of the arrest, a search is legal if there is consent thereto.
The investigation conducted in this case meets both these tests.
“A peace officer may, without a warrant, arrest a person, ® * * [w]hen a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it ” (Code Grim. Pro., § 177).
The classic statement of the meaning of probable, or reasonable, cause is that of Chief Justice Marshall in Locke v. United States (7 Crunch [11 U. S.] 339, 348): “It may be added, that the term 1 probable cause,’ according to its usual acceptation, means less than evidence which would justify condemnation. * * * It imports a seizure made under circumstances which warrant suspicion.” (See, also, Henry v. United States, 361 U. S. 98, 102; Brinegar v. United States, 338 U. S. 160, 175; Carroll v. United States, supra, p. 162; Dumbra v. United States, 268 U. S. 435.)
It is conceded that the arrest took place at the time that Sergeant Decker and Officer Cerone approached the car with guns drawn and ordered the two occupants out (see Henry v. United States, supra, p. 103; Code Crim. Pro., §§ 167, 171). The testimony of decedent’s wife, Sergeant Gallagher and Officer Cerone shows that the arresting officers had “ reasonable cause for believing the person to be arrested to have committed ” the felony (Code Grim. Pro., § 177). The arrest, therefore, being lawful, the incidental search was also permissible.
Furthermore we find the search of the automobile was conducted with the consent of the owner, McNair. Such acquiescence is binding on the occupants, for “ [t]he immunity from unreasonable searches and seizures being personal, one cannot object to the searching of another’s premises or property if the latter consents to the search, even though property is found, for the possession of which defendant is subsequently prosecuted.” (4 Wharton’s Criminal Law and Procedure, p. 215).
Defendants’ contention that there is insufficient evidence in the record to corroborate the accomplice testimony given by Lane and Williams is contrary to the facts. Such proof is clearly found in testimony that McNeil and Sloan were arrested *354 while seated in a car in which the murder weapon was found, and further that of the witness Kirby as to the presence of all of the defendants together in an apartment both before and after the killing.
However, when the District Attorney, in spite of objections, referred in his summation to the absence of brutal treatment of McNair, reversible error was committed. The testimony of this witness, which had been excluded as a result of the District Attorney’s objection, was relevant, and could have been allowed on the issues of credibility and coercion. A common pattern of mistreatment of all of the suspects held in connection with the commission of the crime was pertinent to a particularly critical conflict in the evidence. It was, therefore, clearly prejudicial to the defendants for the District Attorney, after succeeding in preventing testimony on that subject by McNair, to argue that McNair was not beaten, and urge that, therefore, the jury should find the others similarly treated. Such conduct merely served to illustrate the importance attached by all parties to that testimony. Hence the reference by the District Attorney to the nonexistent evidence constitutes error requiring our reversal.
A reversal is also dictated by the cumulative effects of the improprieties committed on cross-examination and in the summation. Although taken singly they were not detrimental, considered collectively they were exceedingly harmful (see People v. Carborano, 301 N. Y. 39, 42).
In this view it is not necessary to pass on the other questions. Accordingly, all the judgments appealed from should be reversed, and a new trial ordered.