UNITED STATES ex rel. Charles EVERETT, Relator-Appellant,

v.

Robert E. MURPHY, Warden, Auburn State Prison, Auburn, New York, Respondent-Appellee.

No. 275, Docket 28213.

United States Court of Appeals Second Circuit.

Argued Jan. 20, 1964.

Decided March 19, 1964.

Certiorari Denied June 8, 1964.

See 84 S.Ct. 1648.

Edward E. Clark, New York City (Anthony F. Marra, New York City, on the brief), for relator-appellant.

Philip Weinberg, New York City (Louis J. Lefkowitz, Atty. Gen. of New York, and Irving Galt, Asst. Sol. General, on the brief), for respondent-appellee.

Before FRIENDLY, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Petitioner appeals *in forma pauperis* from denial without hearing of his petition for writ of habeas corpus in the

United States District Court for the Northern District of New York, Stephen W. Brennan, Judge. We conclude that petitioner's conviction in the New York State courts was obtained through use of a confession not voluntary in nature, in violation of his right under the Fourteenth Amendment of the Constitution of the United States to due process of law, and reverse for issue of the writ.

■ By the verdict of a jury in the County Court, Kings County, New York, relator was found guilty of the crime of murder in the first degree committed during the commission of a felony. In accordance with New York procedure the jury elected to recommend clemency. The trial court accepted this recommendation and on May 10, 1960, sentenced relator to life imprisonment. The conviction was affirmed by the Appellate Division, Pette, J., dissenting. People v. Everett, 14 A. D.2d 555, 218 N.Y.S.2d 206 (2d Dep't 1961). The New York Court of Appeals affirmed. People v. Everett, 10 N.Y.2d 500, 225 N.Y.S.2d 193, 180 N.E.2d 556 (1962). In a concurring opinion Fuld, J., stated that in his view the conviction should be reversed because a confession obtained "during a period of illegal detention following an unlawful arrest" should not have been admitted in evidence. Id. 10 N.Y.2d at 510, 225 N.Y.S. 2d at 200, 180 N.E.2d at 559 (concurring opinion). However, Judge Fuld deemed himself concluded by the rejection of this position in People v. Lane, 10 N.Y.2d 347, 223 N.Y.S.2d 197, 179 N.E.2d 339 (1961).

The Supreme Court of the United States denied certiorari, Douglas, J., believing that certiorari should have been granted. Everett v. New York, 370 U.S. 963, 82 S.Ct. 1593, 8 L.Ed.2d 830 (1962). Relator thus exhausted his state remedies as required by 28 U.S.C.A. § 2254. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Relator then applied, *pro se,* to the United States District Court for the Northern District of New York for a writ of habeas corpus. The District Court, Brennan, J., found relator's confession voluntary and denied his application. It concluded that a hearing was unnecessary and limited its review to the state court record.

The circumstances of Everett's confession were as follows: On July 3, 1959 one Finocchiaro was found unconscious and bleeding from head wounds near an elevator on the ground floor of a Brooklyn loft building. He died the next day without regaining consciousness. On July 15, 1959 at 10:30 p. m. Everett was taken into custody in the doorway of his home in Brooklyn, where he was living apart from his wife and children, on the pretext that the arresting officer had a warrant from the Domestic Relations Court because Everett's children were hungry. No such warrant existed. The officer took Everett upstairs to Everett's apartment, but refused to allow Everett to use the phone. A squad car was called, and Everett was taken first to Brooklyn East Headquarters then to the 87th Precinct, arriving between 11:30 and midnight. He was placed in a cell, then taken to an interrogation room. His shoes and glasses had been removed and he was fingerprinted and handcuffed. Police returned to his apartment and removed from the apartment some of his clothes. While the continuity of the questioning of Everett is somewhat in dispute, Detective O'Connor started questioning between 11:50 p. m. and 12:30 a. m. and continued at least to between 2:00 and 2:30 a. m. Detectives continued to talk with Everett until 5:30 a. m. when the Assistant District Attorney was called to take Everett's second confession, completed about 8:00 a. m. without warning of Everett's rights. The confession had. first been obtained during the questioning by O'Connor, who told Everett that it was an assault and robbery, that Finocchiaro "was not hurt bad" and was downstairs. He represented that the victim was a little angry, but O'Connor could control him, that he could speak to him and that. if Everett wanted O'Connor to help him. he had better tell the truth. When Everett continued to deny doing it, O'Connor·

70

**70** 

pretended to go to see Finocchiaro, and on his return told Everett that Finocchiaro said Everett did it and reiterated that unless Everett told the truth O'Connor would not help him. Thereupon, according to O'Connor, Everett confessed to striking and robbing Finocchiaro. Everett's version was that he was beaten with blackjacks and telephone books, punched in the stomach and kicked and thereafter confessed falsely. Although on a hearing the issue of brutality might be open, Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), we do not now consider Everett's version since it is controverted by denials of physical abuse, and supported, if at all, only by evidence of a bruised shin. See United States ex rel. Williams v. Fay, 323 F.2d 65, 67 (2 Cir. 1963).

██ From the uncontroverted evidence, however, it is established that Everett was arrested illegally, held incommunicado and questioned extensively without counsel or warning of his right to counsel or his right to remain silent, and the confession followed upon deception and false promises of assistance if he should confess. The respondent argues that failure to raise the issue of deception in the criminal trial bars our consideration of the issue. The deception and the promises of help upon confession are plain on the record of the criminal trial, however, and are open to consideration in determining whether the conviction was obtained in violation of Everett's right to due process of law. Townsend v. Sain, supra, 372 U.S. at 316, 83 S. Ct. 745, 9 L.Ed.2d 770. The deception of Everett as to Finocchiaro's survival of the attack might be ignored if it stood alone. United States ex rel. Caminito v. Murphy, 222 F.2d 698, 700–701 (2 Cir. 1955). However, here it was used to make more plausible the promise of assistance to induce confession. Cf. United States ex rel. Caminito v. Murphy, supra at 700 n. 4 of 222 F.2d. A confession induced by police falsely promising assistance on a charge far less serious than the police knew would actually be brought is not to be considered a voluntary confession. United States ex rel. Williams v. Fay, supra; Haynes v. Washington, 373 U.S. 503, 515, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963).

The judgment must therefore be reversed and remanded with instructions to issue the writ, ordering release of the prisoner unless afforded a new trial within a reasonable time.