UNITED STATES ex rel. Alfred J.
FOSCHINO, Petitioner,

v.

Edward FAY, Warden of Greenhaven
State Prison, Respondent.

United States District Court
S. D. New York.

Oct. 14, 1964.

James J. Leff, New York City, for petitioner.

Frank S. Hogan, Dist. Atty., New York County, New York City, for respondent; Michael Juviler, Asst. Dist. Atty., of counsel.

WEINFELD, District Judge.

Relator is imprisoned pursuant to a judgment of conviction entered on the verdict of the jury which, in accordance with New York's then existing procedure, was permitted to determine the factual issue as to the voluntariness of his confession, as well as the ultimate issue of guilt or innocence under a general verdict—a procedure found in Jackson v. Denno [1] to violate the due process clause of the Fourteenth Amendment.

The fact that New York's procedure has been found wanting does not automatically give petitioner recourse to the Federal Courts. As this Court has recently pointed out,[2] the State, no less than the Federal Court, has an interest in fashioning proper constitutional standards in the administration of its criminal laws. Since its previous procedure, once upheld by the Supreme Court, has now been condemned, the State is entitled in the first instance to provide a corrective process which meets adequate constitutional standards.

The relator contends, however, that upon the undisputed facts the confession must be ruled involuntary as a matter of law and hence there is no necessity

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

2. United States ex rel. Adesso v. Fay, S.D.N.Y., 1964, 235 F.Supp. 765.

to remand the matter to the State Courts.[3] The trial record does not support the claim. Upon the trial the relator sought to exclude the confession on the ground that it had been coerced by physical force, by threats directed against his family, and by the use of drugs. Evidence as to the first two claims was in sharp conflict, and obviously a hearing is required.

Not in dispute, however, were relator's allegations that he brought to the place of interrogation a bottle of Demerol, a narcotic drug which his physician had prescribed for a bleeding ulcer; that he ingested at least two tablets of the drug prior to confessing to the police; and that a third was taken shortly before relator repeated his confession to an Assistant District Attorney. However, there was a sharp conflict between relator's evidence and that of the prosecution's witnesses as to the effect of the medication upon the relator's state of mind. In addition, there was no medical testimony as to the likely effect upon relator of the dosages taken or any testimony as to the causal relationship of such medication to his confession. These matters also require a hearing for their resolution.

Since relator is not entitled to relief as a matter of law, "It is New York * * * not the federal habeas corpus court, which should first provide [relator] with that * * * to which he is constitutionally entitled—an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession."[4]

The petition is dismissed.

3. See, e.g., United States ex rel. Weinstein v. Fay, 333 F.2d 815 (2d Cir. 1964); United States ex rel. Everett v. Murphy, 329 F.2d 68 (2d Cir.), cert. denied, 377 U.S. 967, 84 S.Ct. 1648, 12 L. Ed.2d 737 (1964).

4. Jackson v. Denno, 378 U.S. 368, 393–394, 84 S.Ct. 1774, 1790 (1964).