Chief Judge Fuld.
In 1950, the appellant Pohl and a codefendant (Ploss) were jointly indicted and then tired in the Erie County Court for the crime of murder in the first degree. The jury found both guilty of the crime charged, and the court, following the jury’s recommendation of clemency, sentenced each to imprisonment for life.
Both defendants had made oral and written confessions in which each implicated the other in the underlying felony and the homicide. The appellant moved for a separate trial but his application was denied. When the several confessions were offered in evidence at the trial, the judge presiding repeatedly cautioned and instructed the jury that a statement made by one defendant was admitted solely as to him and was to be considered only as to him and not against the other. After the jury returned a verdict of guilty as to both the appellant and his codefendant, the Appellate Division affirmed the resulting judgment (278 App. Div. 739), and this court, in turn, upheld that determination (303 N. Y. 693).
The United States Supreme Court has recently decided that a defendant tried jointly with a codefendant may be prejudiced by the latter’s extra-judicial statements which implicate him. (See Bruton v. United States, 391 U. S. 123; Roberts v. Russell, 392 U. S. 293.) In the Bruton case, the court held — and we cull from the opinion in Roberts (392 U. S. 293, supra) — that, despite instructions to the jury to disregard the statements of one defendant implicating the other, admission of his confession inculpating his codefendant violated the latter’s right of cross- *292 examination guaranteed by the confrontation clause of the Sixth Amendment. And, in the Roberts case (392 U. S. 293, 294, supra), the Supreme Court declared that Bruton “ is made applicable to the States by the Fourteenth Amendment” and “ is to be applied retroactively ” (p. 293) since “ the error ‘ went to the basis of fair hearing and trial because the procedural apparatus never assured [Roberts] a fair determination ’ of his guilt or innocence ” (p. 294).
Relying upon the Bruton and Roberts decisions, the appellant urges that he was prejudiced by the receipt in evidence of his codefendant’s confession and seeks reargument of his 1951 appeal. The normal appellate process having been exhausted, we deem it preferable — as we did in a somewhat comparable situation in People v. Huntley (15 N Y 2d 72) —to haye the question considered and passed upon by the court in which the appellant was originally tried and convicted on a writ of error coram nobis. The Huntley case posed other problems but we may say, as we there did (15 N Y 2d, at p. 77), that, although resort to coram nobis “ is a departure from the traditional role played by coram nobis, we deem its use in these cases appropriate since its employment will avoid burdening this court and the Appellate Division, as well as other appellate courts
It is, therefore, our conclusion that in this case and, for the future, in all cases in which the normal appellate process has been exhausted or is no longer available (cf. People v. Baker, 23 N Y 2d 307 [also decided today], where such appellate process had not been exhausted), a defendant complaining of the prejudicial impact upon him of a codefendant’s out-of-court statements at a joint trial must seek relief by resort to a writ of error coram nobis.[1]
The motion for reargument should be denied, without prejudice to an application in the Erie County Court for a writ of error coram nobis in accordance with this opinion.

. In People y. Cefaro (23 N Y 2d 283), there would have been no point in directing .the defendant to follow this procedure. The court, having granted reargument some time ago to consider issues other than the one here posed, found that the record itself demonstrates that defendant Cefaro had been prejudiced by the introduction of his codefendants’ statements at the joint trial. Since, therefore, a coram nobis hearing was unnecessary and would have been superfluous, the court reversed the judgment affirming defendant Cefaro’s conviction and ordered a new trial.