UNITED STATES of America ex rel. Preston SMITH, Relator-Appellant,

v.

Hon. Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.

UNITED STATES of America ex rel. Matthew WALKER, Relator-Appellant,

v.

Hon. Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.

Nos. 234, 235, Dockets 32295, 32526.

United States Court of Appeals Second Circuit.

Argued Dec. 13, 1968.

Decided Jan. 13, 1969.

Bernard Ouziel, New York City (Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City), for appellant Smith.

Joshua N. Koplovitz, New York City (Alan A. Levine, New York City, Koplovitz & Fabricant, New York City, of counsel), for appellant Walker.

Hillel Hoffman, Asst. Atty. Gen., of the State of New York (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Michael Jaffe, Asst. Atty. Gen., of counsel), for appellee in No. 234.

Michael Jaffe, Asst. Atty. Gen., of the State of New York (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Hillel Hoffman, Asst. Atty. Gen., of counsel), for appellee in No. 235.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Petitioners were convicted in 1963 by the County Court of Suffolk County, New York, after a joint trial at which they were represented by the same attorney, of rape in the first degree, at-

tempted robbery in the first degree, grand larceny in the first degree, and carrying and using a dangerous weapon. At the trial the prosecutor read into the record two out-of-court statements, made independently to the police by each of the petitioners. Both statements tended to incriminate both of the petitioners. Defense counsel objected unsuccessfully to the introduction of the statements on the ground that they had been coerced. Walker testified at the trial that his confession had been coerced and that it was not true. Smith did not testify at the trial.

After the trial the state courts held hearings pursuant to People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), to determine whether the confessions were voluntary. Both were found by the trial court to be voluntary. On appeal the Appellate Division affirmed the findings of voluntariness and the judgments of conviction, People v. Walker, 24 A.D.2d 1079, 265 N.Y.S.2d 609 (2d Dept. 1965), People v. Smith, 23 A.D.2d 893, 260 N.Y.S.2d 600 (2d Dept. 1965), and the Supreme Court denied certiorari, Walker v. New York, 385 U.S. 864, 87 S.Ct. 122, 17 L.Ed.2d 91 (1966), Smith v. New York, 384 U.S. 1020, 86 S.Ct. 1938, 16 L.Ed.2d 1044 (1966). Smith then petitioned the United States District Court for a writ of habeas corpus, alleging that his confession had been coerced and that his request to see an attorney had been denied. The petition was dismissed, United States ex rel. Smith v. Follette, 268 F.Supp. 751 (S.D.N.Y.1967).

The habeas corpus applications that are the subject of these appeals raise for the first time a different claim, that petitioners' Sixth Amendment right to confront the witnesses against them, see Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965) and Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), was violated by the introduction into evidence of their confessions, see Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Their claims differ insofar as Walker did, while Smith did not, testify at the joint trial: Walker's claim is that he was denied the right of confrontation because Smith failed to testify; Smith contends that his rights were denied notwithstanding Walker's testimony because their representation by the same counsel made it effectively impossible for him to cross-examine Walker. The district court dismissed the petitions. We affirm without reaching the merits in order to afford the New York courts an opportunity to adjudicate the claims.

In United States ex rel. Martin v. McMann, 348 F.2d 896 (2d Cir. 1965) (en banc) (per curiam), petitioner alleged that his conviction was invalid because a confession obtained from him after a preliminary examination before a magistrate had been obtained in violation of his right to the assistance of counsel. The court had already once affirmed an order denying the petition to give the New York courts an opportunity to consider the claim, and the state courts had declined to act. Thereafter the New York procedure was changed to provide a coram nobis hearing on what was considered to be the closely related issue of voluntariness of confessions. The change in the state law prompted the court a second time to require petitioner to exhaust his state remedies: "Since under any view [petitioner] is entitled to a New York *coram nobis* hearing, we are persuaded that the interests of comity demand that the New York courts be given another opportunity to consider such of his claims as they may properly do under state law as it stands * * *, without prejudice to his again seeking federal habeas corpus." 348 F.2d at 898. Similarly, in United States ex rel. McBride v. Fay, 370 F.2d 547 (2d Cir. 1966) (per curiam) petitioner raised in a habeas corpus petition a claim that he had not raised in the state courts. In affirming the district court's dismissal of the writ the court stated: "It is incumbent on petitioner to show that the New York courts, at the present time, will not pass upon

the claim which [petitioner] has raised here." 370 F.2d at 549. See also United States ex rel. DeFlumer v. Mancusi, 380 F.2d 1018 (2d Cir. 1967) (per curiam).

Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) (per curiam) is inapposite. The issue there was whether a petitioner who had once exhausted his state remedies should be required to relitigate his claim in the state courts because a subsequent change in the state law made the granting of relief by the state appear more likely. Here there has been no attempt to secure a state remedy on the issues raised by petitioners.

In People v. Pohl, 23 N.Y.2d 290, 296 N.Y.S.2d 352, 244 N.E.2d 47 (N.Y.Ct. App., Nov. 27, 1968), defendant, who had already exhausted the normal appellate process, raised for the first time on a motion for reargument a claim identical to Walker's claim here. The court held that in such circumstances the proper route for defendant to follow was to seek a writ of error coram nobis.

"The normal appellate process has been exhausted, and we consider it preferable in such a case—just as we did in a somewhat comparable situation presented in People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E. 2d 179—to have the question urged upon as considered and passed upon by the court, in which the appellant was originally tried and convicted, on a writ of error coram nobis. * * *

"It is, therefore, our conclusion that in this case, and, for the future, *in all cases in which the normal appellate process has been exhausted or is no longer available* * * *, a defendant complaining of the prejudicial impact upon him of a co-defendant's out-of-court statements at a joint trial must seek relief by resort to a writ of error coram nobis." (Emphasis in original.)

Because the state courts do provide a forum in which petitioners can adjudicate their claims, we decline to pass upon them here. We affirm the district court's dismissal of the petitions without prejudice to the filing of new petitions after state remedies have been exhausted.

In view of our disposition of the claims we express no opinion on the merits nor on the effect of the failure properly to raise the claims at the trial.

Affirmed.