UNITED STATES of America ex rel. Clarence Lee SLOAN, Petitioner-Appellant,

v.

Daniel McMANN, Warden, Clinton State Prison, Dannemora, New York, Respondent-Appellee.

No. 666, Docket 31937.

United States Court of Appeals Second Circuit.

Argued July 22, 1969.

Decided Sept. 12, 1969.

---

**276**

Edward W. Norton, New York City, for appellant.

Michael Jaffe, Asst. Atty. Gen. of the State of New York (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee.

Before WATERMAN and HAYS, Circuit Judges, and BARTELS, District Judge.*

HAYS, Circuit Judge:

Clarence Lee Sloan appeals from an order of the United States District Court for the Northern District of New York denying his application for a writ of habeas corpus.

Appellant was originally convicted with three codefendants of murder in the first degree. The New York Court of Appeals reversed those convictions. People v. Lane, 10 N.Y.2d 347, 223 N.Y.S.2d 197, 179 N.E.2d 339 (1961). Appellant and one of his codefendants, John Henry Williams, were then retried before a jury in County Court, Orange County, and were again convicted of murder in the first degree. They appealed to the Appellate Division claiming that their confessions which had been introduced against them were involuntary. The Appellate Division directed that a hearing be held pursuant to People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), to determine the voluntariness of the confessions. People v. Sloan, 23 A.D.2d 892, 260 N.Y.S.2d 248 (1965). The confessions were found to have been voluntary and the Appellate Division affirmed the convictions. People v. Sloan, 26 A.D.2d 656, 272 N.Y.S.2d 970 (1966). The New York Court of Appeals denied leave to appeal.

Appellant then wrote a letter to the United States District Court for the Northern District of New York which that court treated as an application for a writ of habeas corpus. The court rejected appellant's claim that his confessions had been coerced and denied the writ. This appeal was taken from the order of denial.

Appellant's contention before this court is that he was denied his sixth amendment right to confrontation by reason of the admission into evidence at their joint trial of his non-testifying codefendant's confessions implicating him. Appellant relies upon Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which was made retroactive in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed. 2d 1100 (1968). He argues that he exhausted his state remedies by raising the confrontation claim in the state courts before *Bruton* was decided. On the authority of United States ex rel. Smith v. Follette, 405 F.2d 1199 (2d Cir. 1969), we affirm the denial of his petition for habeas corpus, without reaching the merits, in order to afford the New York courts an opportunity to adjudicate appellant's *Bruton* claim.

*Smith* involved a claim under *Bruton* that had not been raised in the New York courts. We noted there that in People v. Pohl, 23 N.Y.2d 290, 296 N.Y.S. 2d 352, 244 N.E.2d 47 (1968), the New York Court of Appeals established a procedure for hearing *Bruton* claims. We held that since New York courts would entertain those claims they should be given an opportunity to do so.

*Smith* is not properly distinguishable by the fact that there the confrontation claim had not been raised in the state

---

* Of the Eastern District of New York, sitting by designation.

courts whereas here the claim was raised before *Bruton* was decided. That the purpose of the decision in *Smith* was to permit the state courts to consider the claim under the law as established by intervening federal precedent is established by the reliance in *Smith* on United States ex rel. Martin v. McMann, 348 F.2d 896 (2d Cir. 1965) (*en banc*) per curiam). 405 F.2d at 1200.

Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), is not helpful to appellant. As we said in *Smith*:

> "The issue there [i.e., in *Roberts*] was whether a petitioner who had once exhausted his state remedies should be required to relitigate his claim in the state courts because a subsequent change in the state law made the granting of relief by the state appear more likely." 405 F.2d at 1201.

Here there was no subsequent change in the state law and the state courts have had no opportunity to consider appellant's claims under the new standard as set by the Supreme Court. Moreover, unlike the issue in *Roberts*, the issue here is not "Predetermined by established federal principles." 389 U.S. at 43, 88 S.Ct. at 196.

The fact that the outcome in the state courts is not predetermined also serves to distinguish United States ex rel. LaBelle v. Mancusi, 404 F.2d 690 (2d Cir. 1968). There this court reversed the conviction but stated:

> "We emphasize that were there any matters for resolution which might lead to a result other than reversal we would follow the procedure of requiring the district court to defer action until a reasonable time had been allowed for the state courts to further hear and determine the remaining issues." *Id.* at 692.

Here the statements by his codefendant Williams were similar to those made by appellant. Thus it is by no means clear that appellant was prejudiced by the introduction of Williams' statements. See United States ex rel. Catanzaro v. Mancusi, 404 F.2d 296, 300 (2d Cir. 1968) where we said:

> "The reasoning of *Hill* and *Bruton* is not persuasive here. Both of those cases involved a defendant who did not confess and who was tried along with a codefendant who did. In our case Catanzaro himself confessed and his confession interlocks with and supports the confession of McChesney.
>
> Where the jury has heard not only a codefendant's confession but the defendant's own confession no such 'devastating' risk attends the lack of confrontation as was thought to be involved in *Bruton*. See 391 U.S. at 136, 88 S.Ct. 1620."

Affirmed.