Chief Judge Fuid.
In the summer of 1968, in the City of Utica, a supermarket and a gas station were held up at gunpoint, within four days of each other. Charged with these robberies, the defendant was identified at trial by several super *282 market employees and customers and by the gas station attendant. Sunglasses, a green pair of pants, a white tee shirt and a trench coat, similar to those worn by the robber—which had been taken by the police from the defendant’s home—were received in evidence. The jury found the defendant guilty, and the Appellate Division affirmed. On appeal, he seeks a reversal, urging (1) that the articles of clothing had been illegally taken and (2) that his in-court identification was influenced by impermissible identification procedures.
The record establishes that there was no unlawful search or seizure. The defendant himself consented to the taking of his shirt and trousers by the police officers, and his wife acquiesced in the later search of their apartment and consented to the taking of the other items. A wife, it has been widely held, may consent to a search of the marital home even though evidence is uncovered which may tend to incriminate her husband. (See, e.g, Roberts v. United States, 332 F. 2d 892, 896-897 [8th Cir.], cert. den. 380 U. S. 980; Stein v. United States, 166 F. 2d 851, 855, cert. den. 334 U. S. 844; United States v. Sergio, 21 F. Supp. 553, 554; see, also, White, Effective Consent to Search and Seizure, 113 U. of Pa. L. Rev. 260, 273-275; Ann., 31 ALR 2d 1078,1091.) “ It is not a question of agency,” the United States Court of Appeals wrote in the Roberts case (332 F. 2d, at pp. 896-897), “ for a wife should not be held to have authority to waive her husband’s constitutional rights. This is a question of the wife’s own rights to authorize entry into premises where she lives and of which she had control.” Accordingly, the articles obtained as a result of the search consented to by the defendant’s wife were properly admitted in evidence.
As indicated, there were in-court identifications of the defendant by supermarket employees and customers and by the gas station attendant. However, it was brought out, on cross-examination, that the witnesses had previously identified the defendant as the robber when they had viewed him alone in a room in the police station. The fact that a pretrial identification procedure is impermissible does not in and of itself mandate a reversal. Certainly, it does not, if the record establishes that the in-court identification had an independent source or origin. (See United States v. Wade, 388 U. S. 218, 240-242; People v. Brown, 20 N Y 2d 238, 242-243; People v. Ballott, 20 N Y 2d *283 600, 605 et seq.) In the case before ns, we agree with the trial court’s determination— made upon the defendant’s motion to set aside the verdict and for a new trial—that the in-court identifications were independently arrived at and were not tainted by the earlier improper showup identification. (See, e.g., People v. Brown, 20 N Y 2d 238, 243-244 [concurring opn.], supra.)
The order appealed from should be affirmed.
Judges Burke, Scileppi, Bergan, Breitel, Jasen and G-ibson concur.
Order affirmed.