Per Curiam.

One who alone occupies a room in a hotel or an apartment in an apartment house is deemed to have exclusive possession and control over those premises — at least for purposes of search and seizure in the criminal law — and no third party may consent to their being entered or searched by the police. (See Stoner v. California, 376 U. S. 483; Chapman v. United States, 365 U. S. 610.) The case'before us, however, is quite different. Here, the bedroom, which was searched, was actually shared by the defendant — a roomer in a one-family house owned by Mrs. Dale — and the latter’s 10-year-old.son. Since that room was not set aside for the defendant’s exclusive possession or use, it follows that he had no reasonable expectation of privacy and that Mrs. Dale who, of course, had a right to enter her own son’s bedroom, was privileged to give consent to the search. (See, e.g., People v. Carter, 30 N Y 2d 279, 282; People v. Belin, 28 N Y 2d 861; People v. Kowalczyk, 20 N Y 2d 835; People v. Gallmon, 19 NY 2d 389, 392, cert. den. 390 ü. S. 911; People v. D’Iorio, 16 N Y 2d 551, modfg. on other grounds 22 A D 2d 853, revd. on other grounds 17 N Y 2d 808; see, also, Ringel, Searches and Seizures, Arrests and Confessions [1972], § 232, p. 290 et seq.)
The order appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Jasen, Jones and Wachtler concur in Per Curiam opinion; Judges Breitel and Gabrielli taking no part.
Order affirmed.