OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree with the Appellate Division that it was not error at the pretrial suppression hearing to exclude defendant’s tender of evidence of alleged beatings by the police of two *733 other participants in the gang rape. The evidence was offered to support defendant’s assertion that he had been the victim of police brutality by demonstrating a course of illegal conduct on the part of the police. It may be that in special circumstances of particular pertinence evidence of this nature would be admissible (see People v Lane, 10 NY2d 347, 354). Initially we note that in this case there was no suggestion that defendant had witnessed or was otherwise informed of the alleged brutality to his confederates. Nor was there any offer to demonstrate a closer nexus than that the other alleged beatings were administered by unidentified members of the police force during the course of interrogation of two other members of the same group of young men on the same evening defendant was questioned. Without greater proof of materiality or direct evidence that this was a method or pattern of police interrogation, it cannot be said to have been error to exclude the proffered testimony.
Defendant also contends that he was convicted of a charge which had been dismissed before trial. The indictment originally contained six counts, charging that the victim had been raped six times by a group of young men including defendant. Five of the six counts, each alleging accessorial conduct on the part of defendant were dismissed before trial; there was left only the count in which defendant was charged as principal. That count also included charges that defendant aided and abetted one of the other young men and Harvey L. Allen in the commission of the crime. The court left the remaining count undisturbed except for the deletion of superfluous connective references to the other counts which had been dismissed; there was no redaction of the aiding and abetting charge. The motion court had expressly found that no evidence had been presented to the Grand Jury of aiding and abetting in the commission of the offenses "other than the rape [count] in which [defendant] allegedly acted as principal”. Thus, accessorial liability remained a component of the surviving count on which defendant was convicted. We reject defendants’ assertion that there was insufficient evidence to support the jury’s verdict of guilty on that theory.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed in a memorandum.