OPINION OF THE COURT
Gabrielli, J.
Defendant appeals from an order of the Appellate Division, First Department, which unanimously affirmed his conviction for criminal possession of a controlled substance in the third degree (Penal Law, § 220.16). His appeal raises a substantial question concerning the authority of police officers to search jointly occupied premises when both of the occupants are present and one consents to the search while the other explicitly refuses to consent.
The incident that forms the basis of this appeal was precipitated by a quarrel between defendant Cosme and his fiancée, Meyrle Hennessey, with whom he shared his apartment on at least a part-time basis. At about 1:00 a.m. on the morning of *289 October 26, 1976, Hennessey, who had been drinking rather heavily, telephoned the police and reported that defendant was storing a gun and a large quantity of cocaine in the apartment. Although the police official who took the call initially stated that no action could be taken until a search warrant had been obtained, he eventually acceded to Hennessey’s demand for an immediate response and dispatched a patrol car to the address she gave.
When the police arrived at the apartment house at about 1:30 a.m., they found Hennessey waiting for them in the building’s outer vestibule clad only in a man’s pajama top, slippers and a pair of jeans. She told the officers that the contraband was hidden in the bedroom closet, which she and her fiancé shared, and drew a diagram of the apartment to indicate the closet’s precise location. In addition, she gave the officers the key to the apartment and told them how to use it without triggering the burglar alarm system. Hennessey then followed the officers up the stairs to the third-floor apartment, waiting on the landing behind them as they unlocked the door and let themselves in.
Immediately upon entering the apartment, the police officers saw defendant Cosme and a male companion, both of whom were standing in the kitchen. Their guns drawn, the officers ordered the two men to "freeze”. The men promptly surrendered, whereupon they were placed in handcuffs under protest and made to lie face down on the floor so that the police could conduct their search without interference. The officers then proceeded to the bedroom closet where the contraband was supposed to be cached. They systematically searched the closet and its contents until they found a gun and a quantity of cocaine hidden in a pillowcase on the floor.
Following his indictment for criminal possession of the gun and narcotics, defendant Cosme made a motion to suppress the evidence seized during the October 26 search on the ground that the police had acted without either probable cause or valid consent. After conducting a hearing, the trial court rejected defendant’s contentions and denied his suppression motion in an opinion which set forth the relevant factual determinations and conclusions of law. The trial court found, inter alia, that Hennessey had the authority to consent to the October 26 search by virtue of her unfettered access to and joint occupancy of defendant’s apartment. In addition, the court found that Hennessey’s capacity to consent had not been *290 impaired by her consumption of alcohol earlier that evening and that she had, in fact, knowingly and voluntarily consented to the search. Finally, the court concluded on the basis of these findings that the search was lawful even if defendant Cosme’s protests upon being handcuffed could be construed as an attempt to deny the police officers the authority to conduct a warrantless search of his apartment.
After the denial of his suppression motion, defendant pleaded guilty to a reduced charge of criminal possession of a controlled substance in the third degree and a judgment of conviction was entered against him. The Appellate Division subsequently affirmed the conviction, without opinion.
On his appeal to this court, defendant contends that his protest at the time he was handcuffed was the equivalent of a refusal to consent to the search which was sufficient to override the consent given earlier by Hennessey. Thus, he argues, the police were without authority to conduct a search of his apartment and, accordingly, the fruits of their search should have been, suppressed. Although the trial court did not explicitly determine that defendant’s protestations upon being handcúffed constituted a refusal to consent, we deem it unnecessary to dwell upon this point since we conclude that any refusal on the part of defendant to consent to a search would have been ineffective in the face of Hennessey’s contrary expression of consent.
It is well settled that the police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question (Schneckloth v Bustamonte, 412 US 218; Amos v United States, 255 US 313; People v Lane, 10 NY2d 347). Furthermore, it has consistently been held that where two or more individuals share a common right of access to or control of the property to be searched, any one of them has the authority to consent to a warrantless search in the absence of the others (United States v Matlock, 415 US 164; Frazier v Cupp, 394 US 731; People v Wood, 31 NY2d 975). Until the issue was presented in this case, however, we had not had occasion to consider whether the presence of a protesting co-occupant at the scene of the search invalidates the authority of the other occupants to consent to a search of the shared premises. After an examination of the relevant precedents, we conclude that it does not.
*291 Our resolution of this question depends, in large measure, upon our long-standing view of the theoretical underpinnings of the third-party consent rule. In People v Carter (30 NY2d 279), we expressly rejected the notion adopted by some courts (e.g., Lucero v Donovan, 354 F2d 16) that a cotenant’s right to consent to a search of jointly occupied premises is predicated solely upon his status as agent for the other occupants. Under the agency approach, which was seemingly rejected in Schneckloth v Bustamonte (412 US 218, 245-246, supra), the "agent’s” implied authority to give binding consent to a search on behalf of a co-occupant is deemed to be "rescinded” when the co-occupant expresses a contrary intention not to permit the search (Lucero v Donovan, 354 F2d 16, supra).[1] In Carter, we declined to follow this approach because we found it theoretically unacceptable to hold that one co-occupant may commit another to a binding waiver of an important constitutional right solely because the two share a common interest in the premises to be searched (accord Schneckloth v Bustamonte, 412 US 218, 245-246, supra). Nevertheless, we upheld the search in Carter because we found that the co-occupant possessed authority in her own right to permit a police entry " 'into premises where she lives and of which she had control’ ” (30 NY2d, at p 282, quoting Roberts v United States, 332 F2d 892, 896-897).
Our position on this point was further elaborated in People v Wood (31 NY2d 975, supra), in which we stated that an individual who does not possess exclusive authority and control over premises has no reasonable expectation of privacy with respect to those premises (id., at p 976; accord Ringel, Searches & Seizures, Arrests and Confessions [1972], § 232, p 292). A similar view has been expressed in recent Supreme Court decisions dealing with the question of third-party consents to searches (United States v Matlock, 415 US 164, supra; Frazier v Cupp, 394 US 731, supra). In United States v Matlock (415 US 164, 171, n 7, supra), the most recent Supreme Court pronouncement in this area, the court em *292 braced an approach that is virtually indistinguishable from the position we took in Carter and Wood: "The authority which justifies the third-party consent * * * rests * * * on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched”.
Proceeding as we do from this theoretical background, we are led to the conclusion that an individual who possesses the requisite degree of control over specific premises is vested in his own right with the authority to permit an official inspection of such premises and that this authority is not circumscribed by any "reasonable expectation of privacy” belonging to co-occupants. Whether the principle is characterized as an "assumption of risk” or a relinquishment of the "expectation of privacy” guaranteed by the Fourth Amendment, the fact remains that where an individual shares with others common authority over premises or property, he has no right to prevent a search in the face of the knowing and voluntary consent of a co-occupant with equal authority. It then follows that such an individual has no constitutional ground for complaint, in the absence of some other taint arising in connection with the search, when evidence obtained in the search is sought to be used against him in a subsequent criminal proceeding.
 Turning our attention to the case at hand, we conclude that the police acted properly when they entered defendant Cosme’s apartment and conducted a search of his bedroom closet pursuant to Hennessey’s request. As we are not empowered to review the factual determinations of the courts below absent a claim of evidentiary insufficiency or other error of law (NY Const, art VI, § 3, subd a; Cohen and Karger, Powers of the New York Court of Appeals, pp 742-745), we assume for purposes of this appeal that Hennessey was, as found by the trial court, a person with common authority over the premises searched by reason of her equal access to and use of both the apartment and the bedroom closet in which the contraband was found. We further assume, pursuant to the lower court’s findings, that Hennessey had the capacity to consent and did in fact knowingly and voluntarily give her consent for the October 26 search. Given these assumptions, it *293 is apparent that any objections defendant may have voiced after the police entered his apartment would have been ineffective to override the authority to search conferred upon them by Hennessey’s request that they remove the contraband from the bedroom closet.[2] Having given Hennessey an unrestricted right to share in the use and control of the bedroom closet, defendant cannot now complain because she used that right to authorize an official inspection of its contents.
Since we hold that Hennessey’s consent provided the police with sufficient authority to conduct a warrantless search of the bedroom closet in defendant’s apartment even though defendant was present and refused to give his consent, we need not reach the question whether the search could have been justified on alternate grounds, such as the existence of probable cause coupled with some form of exigency.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. Courts in several other jurisdictions have held that the police may not search jointly occupied premises where one of the occupants explicitly objects to the search (United States v Robinson, 479 F2d 300; Tompkins v Superior Ct., 59 Cal 2d 65; Silva v State, 344 So 2d 559 [Fla]; Lawton v State, 320 So 2d 463 [Fla]; Dorsey v State, 2 Md App 40; Hembree v State, Crim App Tenn, 1976, 546 SW2d 235 [Tenn]). While none of these courts relied exclusively on the "agency” approach to third-party consent searches, we find their alternative rationales equally unpersuasive.

. We express no opinion as to the outcome in cases where several individuals share common authority over the premises as a whole, but one of their number has carved out a specific area for his own exclusive use. We similarly decline to comment here upon situations in which the consent is given by an individual who, as a practical matter, enjoys less than unrestricted access to and control over the premises to be searched.