Chief Judge Cooke
(dissenting in part). I concur with the majority that the order affirming the judgment of conviction of Jim Henley, Jr., should be reversed, his plea vacated, the physical evidence seized at 24 Spiess Street suppressed as to him and his case remitted to Supreme Court for further proceedings on the indictment against him. This is because the custodial detention and transportation of Jim Henley, Jr., was illegal and his consent, being the product of that illegality, cannot justify the warrantless entry into and search of the apartment.
I disagree, however, that Willie Norman Henley lacks standing to assert the illegality and that the same consent may be effective as to him. In my view there should also be a reversal of the order affirming the judgment of conviction of Willie Norman Henley for grand larceny in the third degree. I concur with the majority in affirming the order upholding the conviction of Willie Norman Henley upon his plea of guilty of criminal trespass in the second degree. I therefore respectfully dissent in part.
The majority recognizes that Willie Norman Henley has standing to challenge the warrantless entry and search as a *409 violation of his Fourth Amendment rights. And there is no question that the entry was per se unlawful absent some applicable exception to the warrant requirement (see Schneckloth v Bustamonte, 412 US 218, 219). The People justified the entry on the basis of consent given by Henley, Jr. Both defendants challenged the offered justification on the grounds that Henley, Jr., never gave his consent and, if he did, it was the product of his illegal arrest and thus inadequate to support the entry. The majority today holds that, notwithstanding the invasion of Willie Norman Henley’s rights, only Henley, Jr., may assert the latter ground. I cannot agree with such a limitation.
Third-party consent is a recognized exception to the Fourth Amendment warrant requirement (People v Cosme, 48 NY2d 286; United States v Matlock, 415 US 164). This exception requires actual consent of a person having or reasonably appearing to have the requisite degree of access to and control over the premises to be searched (People v Adams, 53 NY2d 1; People v Cosme, 48 NY2d 286, supra). Where either element is lacking, an entry and search violate the Fourth Amendment command.
There is no dispute that Henley, Jr., had the authority to consent to the warrantless search. The only question here is the validity of the consent. The majority holds that the consent was invalid, vitiated by the illegal arrest. That consent, the majority holds, nonetheless may support the warrantless entry and search as to Willie Norman Henley.
This anomalous, result is said to be founded upon principles of standing. Since Fourth Amendment rights are personal and “may not be vicariously asserted” (Alderman v United States, 394 US 165, 174; Rakas v Illinois, 439 US 128, 133-134; People v Hansen, 38 NY2d 17, 22), the majority reasons that Willie Norman Henley may not object to the unconstitutional seizure of his brother. Under the majority’s standing analysis, a party against whom another’s consent is to be used may deny only that the third party had authority or that voluntary consent in fact was given. How the consent was obtained is now immaterial, for only the third party’s rights are implicated by the means employed.
*410 There is no dispute that a defendant may not seek suppression of evidence obtained by the police from a third party in. violation of the third party’s rights. Nor is issue taken here with the proposition that even if the police consciously violate the third party’s rights solely to obtain evidence against another, the defendant does not have standing under the Fourth Amendment to challenge the illegality (United States v Payner, 447 US 727, 731-732) and a court is unjustified in exercising its supervisory power to suppress evidence so obtained (id., at pp 733-737). A challenge is open only to the victim of the illegality. These principles, however, do not justify the majority’s conclusion.
Contrary to the majority’s determination, an objection to the means by which a third party’s consent has been obtained is not an assertion of third-party rights. The objection is made to challenge an invasion of protected rights personal to the nonconsenting party. The warrantless entry can be justified only if the police have obtained valid consent; if the consent is invalid, the entry is unlawful. That the invalidity has its genesis in illegal conduct against the consenting party should not render the consent any less constitutionally infirm as to the nonconsenting party. The non-consenting party simply cannot be viewed as a legal stranger to the initial police encounter. In a real sense Willie Norman Henley, as the nonconsenting party, is a victim of the initial illegality. His own Fourth Amendment rights have been compromised by its product — Henley, Jr.’s, consent. The antecedent illegality is inextricably intertwined with the entry and is critical to its validity. By the warrantless entry, there has been a common invasion of the rights of both the consenting and nonconsenting parties. There has been asserted against both the same justification for the invasion — consent. When that justification falls, for whatever reason, it must fall for both.
In my view, separating the fact of consent from the means by which it is obtained, as the majority has done, dilutes substantially the value of the consent requirement itself. In a challenge by one whose own rights have been af *411 fected by the consent, such a bifurcated analysis is unwarranted and unjustified.
Accordingly, I dissent in part and would reverse the order affirming the judgment of conviction of grand larceny in the third degree against Willie Norman Henley, vacate his plea, suppress the physical evidence and remit the case for further proceedings on the indictment.
In People v Henley (Jim): Order reversed, conviction and plea vacated, physical evidence seized at 24 Spiess Street suppressed as to appellant, and case remitted to Supreme Court, Erie County, for further proceedings on the indictments.
Judges Jasen, Gabrielli, Wachtler and Meyer concur with Judge Jones ; Chief Judge Cooke concurs in a separate opinion in which Judge Fuchsberg concurs.
In People v Henley (Willie): Orders affirmed.
Judges Jasen, Gabrielli, Wachtler and Meyer concur with Judge Jones; Chief Judge Cooke dissents in part and votes to reverse the order affirming the judgment of conviction for grand larceny in the third degree and to affirm the order affirming the judgment of conviction for criminal trespass in the second degree, in a separate opinion in which Judge Fuchsberg concurs.