■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK DE LAURO, Appellant. — Appeal from a judgment of the County Court of Ulster County (Traficanti, J.), rendered December 28, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

On February 19, 1983, the police had cause to believe that defendant had been involved in a recent assault. The police located defendant in a motel room in the company of Diane Bennis, his former wife, and two of their sons. They sought and were granted permission to enter the room. On entering the room, the police saw a hunting-type knife in plain view on a dresser and knew that a knife had been involved in the assault.

They asked defendant and his family to accompany them to the police station for further questioning. Before leaving the property, the police received a message that defendant may have been involved in the theft of some jewelry. They asked both defendant and Bennis for permission to re-enter the motel room and search it. Defendant granted permission and offered to accompany the officers back to the motel room. However, Bennis also granted permission to search the room and because she had the key, she accompanied the police into the motel room. While conducting a search of the room, police discovered a .22 caliber revolver hidden under a mattress. Bennis later gave a sworn statement that she had seen the weapon in defendant's possession beginning about a month earlier and that she had seen it at numerous places, including the trunk of his car, but had never seen it in the motel room until it was discovered by the police.

A suppression hearing was conducted which produced contradictory evidence. The police maintained that none of the four people taken to police headquarters was in custody, even though defendant was handcuffed before being placed in a police van. Both defendant and his ex-wife testified that they were coerced into giving consent to a search of the motel room. The trial court found that the consent of both defendant and Bennis was voluntarily given and denied defendant's motion to suppress the gun. Following this ruling, defendant pleaded guilty.

We conclude that denial of the suppression motion was proper. Although we disagree with the contention that defendant was not in custody, we find that the consent given by Bennis was valid. She was not under suspicion for the commission of any crime and was obviously neither under arrest nor in custody. The trial court, having the responsibility to determine the credibility of evidence presented at the hearing, found that her consent was voluntarily given. She had authority and control over the premises. "It is well settled that the police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question (*Schneckloth v Bustamonte,* 412 US 218; *Amos v United States,* 255 US 313; *People v Lane,* 10 NY2d 347). Furthermore, it has consistently been held that where two or more individuals share a common right of access to or control of the property to be searched, any one of them has the authority to consent to a warrantless search in the absence of the others (*United States v Matlock,* 415 US 164; *Frazier v Cupp,* 394 US 731; *People v Wood,* 31 NY2d 975)." (*People v Cosme,* 48 NY2d 286, 290).

Accordingly, defendant's conviction must be affirmed.

Judgment affirmed. Main, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.