■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. TYLER, Appellant. [721 NYS2d 196] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]), defendant contends that County Court erred in denying his motion to suppress the fruits of a search of his girlfriend's car and the apartment he shared with his girlfriend. We disagree. The apartment and car were properly searched pursuant to the consent of defendant's girlfriend, who possessed the requisite authority and control over the premises and property to be searched (*see, People v Adams,* 53 NY2d 1, 8, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854). The contention of defendant that his consent was also required is without merit. Defendant had been arrested and removed from the apartment before his girlfriend consented to the search, but even if he had been present in the apartment, his consent to search it would not have been necessary in light of the consent given by someone with equal authority over the premises (*see, People v Cosme,* 48 NY2d 286, 292-293).

The jacket seized from the trunk of the car was properly admitted in evidence. The victim testified that the jacket was similar to the jacket worn by defendant's accomplice and thus was relevant to tie defendant to the crime (*see generally, People v Scarola,* 71 NY2d 769, 777). The leather jacket seized from the apartment was also properly admitted in evidence because the victim testified that defendant was wearing a leather jacket during the robbery. The fact that the victim testified that the jacket worn by defendant had brown patches on the sleeves while the jacket seized from defendant's apartment did not af-

fects the weight to be accorded the evidence, not its admissibility. The hat seized from defendant's apartment was neither described by the victim nor identified by him as similar to the one worn by defendant during the crimes and thus should not have been admitted in evidence. We conclude, however, that the error is harmless (see, People v Crimmins, 36 NY2d 230, 241-242). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.