■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL MORALES, Appellant. [752 NYS2d 864] —Judgment, Supreme Court, New York County (William Wetzel, J., at hearing; John Stackhouse, J., at nonjury trial and sentence), rendered February 7, 2001, convicting defendant of sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), and endangering the welfare of a child (two counts), and sentencing him to consecutive terms of $3^{1}/_{2}$ years on each of the first degree sexual abuse convictions, to run concurrently with concurrent terms of one year on the remaining convictions, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility,

including the witnesses' motives or lack of motives to falsify, were properly considered by the trier of fact and there is no basis for disturbing its determinations.

The hearing court properly denied suppression of defendant's oral statements as the fruit of an allegedly illegal arrest. The record supports the conclusion that the detectives lawfully entered the apartment upon receiving the voluntary consent of a person of requisite authority and control over the premises (*see People v Cosme*, 48 NY2d 286, 290). The ruse employed by the officers was not so unfair as to undermine defendant's consent to leave the apartment (*see People v Tarsia*, 50 NY2d 1, 11). No express or implied threats were made, and defendant voluntarily agreed to the officers' request that he accompany them to another building in order to allow them inside to set up an observation post. There is no evidence to support defendant's suggestion that he felt compelled to acquiesce in the officers' request by fear of losing his employment as a superintendent.

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.