■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SIDNEY STEINSCHREIBER and PAUL STEINSCHREIBER, Appellants.— Appeal by defendants from two judgments of the Supreme Court, Queens County, rendered June 25, 1973 (one as to each defendant), convicting them of manslaughter in the first degree, upon jury verdicts, and imposing sentences. Judgments

affirmed. The trial began more than a year after the prosecution was ordered by the court to provide the defense with "any written or recorded statement made by the defendants". The defense was neither provided with such statements nor served with notice, pursuant to CPL 710.30, of the existence of such statements. It was only well after the trial got under way that the People orally indicated an intention to utilize such statements. Although no cause, much less "good cause," was shown for the delay (see CPL 710.30, subd. 2), the trial court nevertheless permitted the People at that time to serve notice of the existence of such statements and the trial was interrupted for the holding of a hearing as to their admissibility. The Trial court's error in allowing the late notice does not require reversal (see CPL 470.05, subd. 1). The statements ultimately admitted into evidence were properly redacted and were largely innocuous. Further, the matters contained therein were for the most part amply established through other witnesses. The admission of the statements in their redacted form did not create a conflict of interest for defense counsel (see People v. Gonzalez, 30 N Y 2d 28). However, this affirmance should not be taken as an approval of the failure of a prosecutor to give proper notice of statements taken from defendants or as an indication that reversal will not follow, in appropriate cases, where good cause is not shown for such failure. The proof of defendants' guilt here is so overwhelming that we do not perceive that the interest of justice requires a reversal by reason of the prosecutor's dereliction. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.