■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v S. K. PAL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 3, 1974, convicting him of prescribing a depressant drug in violation of section 3385 of the Public Health Law (three counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In his bill of particulars, the District Attorney gave an affirmative answer to the question whether any "bugging" devices had been used to monitor or record conversations between defendant and any other individual. Thereafter, defendant submitted a supplemental motion for discovery and inspection which included a request to inspect and copy any and all copies of tapes or recordings. At the hearing on the motion, which was held shortly before the trial, the prosecutor stated repeatedly that the tapes were in fact inaudible and would not be used at the trial. After defendant testified at the trial, the prosecutor informed the court that he wished to recall the undercover agent as a rebuttal witness and, in addition, that he would offer in evidence a tape recording of a conversation between defendant and the agent. The prosecutor represented to the court, and the agent testified, that although the tapes were in fact inaudible when they were originally played, the tape in question had just been found to be clear and audible when played on a newly acquired machine. The prosecutor was permitted to introduce the tape in rebuttal. This prejudicial conduct on the part of the prosecutor denied defendant a fair trial (see, *People v Crimmins,* 36 NY2d 230; cf. *People v Steinschreiber,* 47 AD2d 770). Defense strategy may have been determined by the prosecutor's representation that the tape was inaudible *(United States v Padrone,* 406 F2d 560). Hopkins, Acting P. J., Martuscello, Latham, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS TONANI, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County, imposed May 1, 1975. Sentence affirmed. We have not considered the question of misunderstanding. That issue may be raised by a motion pursuant to CPL article 440, if defendant be so advised. Gulotta, P. J., Rabin, Hopkins, Latham and Munder, JJ., concur.