■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BAUM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 18, 1978, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. On November 14, 1974 Indictment No. 5406/74 was filed charging defendant, Arthur Baum, and a codefendant, Dennis Licata, with criminal sale and possession of a controlled substance in the third degree, the substance being more than one gram of amphetamines. In another count of that indictment, both men were charged with criminal possession of a controlled substance in the fifth degree. All counts in that indictment were based on a single transaction which allegedly occurred on June 6, 1974, at an address on East Second Street in Brooklyn, where Baum and Licata lived. In a separate indictment, No. 5405/74, Licata was charged with having criminally sold and possessed a controlled substance (amphetamines) in the third degree on June 2, 1976 at the same address on East Second Street. Although Baum was present at both the June 2 and June 6 sales, he was not charged with the June 2 sale, purportedly because he was not involved in that transaction. The two indictments were consolidated for the purposes of trial. Prior to the trial Baum's counsel unsuccessfully moved for a severance on the ground that he intended to use the June 2 sale to demonstrate that Baum was not involved in the June 6 sale. During his opening statement, the prosecutor promised to provide evidence that prior to the June 6 sale, Baum and Licata were "running an operation together * * * an ongoing business". The thrust of Baum's defense was that he was an onlooker at both sales. In addition, Baum argued that evidence of the June 2 sale, in which the prosecution concedes Baum was not involved, would reveal a meeting between the undercover officer (who was involved in both transactions) and Licata, thus contradicting the prosecution's contention that telephone calls were made by an informer to Licata and Baum between June 2 and June 6 because the informer wanted to introduce the undercover officer to them. The trial court disallowed the introduction of any evidence surrounding or concerning the extent of Baum's involvement in the June 2 sale as prejudicial to Licata, until about midway through the trial, when Licata was granted a mistrial. Thus, up to that point, Baum was deprived of presenting a defense because Licata was being tried with him. A separate trial is necessitated by circumstances which result in injustices or the impairment of substantial rights by permitting the trial of codefendants with antagonistic defenses leading to the denial to one defendant of exculpatory evidence *(People v La Belle,* 18 NY2d 405). Therefore, the court should have granted Baum's motion for a severance. The record also reveals that about midway in the trial, in response to a question asked on cross-examination, the undercover officer, referring to the June 2 sale, gratuitously commented that Licata had asked him "how [he] liked the other stuff". Licata was

granted a mistrial at that point. However, Baum's application for the same relief was denied. In our opinion, the trial court erred in not also granting Baum's application for a mistrial. Its action in belatedly permitting defense counsel to question previous and future prosecution witnesses as to the June 2 sale, after the undercover officer's *faux pas,* could not obliterate the fact that defense counsel's trial strategy had long since been established in accordance with the trial court's prior rulings. Any reference to the June 2 sale in the *voir dire,* opening statement or cross-examination or prosecution witnesses by defense counsel prior to the undercover officer's reference to that sale, had been effectively frustrated by the trial court's earlier inhibiting ruling. Since the tenor of the trial had been set, it was fundamentally unfair to require that counsel, because of the trial court's earlier prejudicial ruling, radically change his defense in the later stages of the trial. In our opinion the changed situation so affected defense strategy that Baum's application for a mistrial at the time the mistrial was granted Licata, should have been granted and a new trial ordered as to him (cf. *People v Pal,* 49 AD2d 631; *People v Steinschreiber,* 47 AD2d 770). We have reviewed the other arguments advanced by defendant on this appeal and find them to be without merit. Mollen, P. J., Hopkins, Titone, Shapiro and O'Connor, JJ., concur.