■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SPENCER, Appellant.—Judgment, Supreme Court, New York County, rendered August 2, 1977, convicting defendant of criminal sale of a controlled substance in the second degree is unanimously reversed, on the law, and the case is remanded for a new trial. Defendant Spencer was charged with sale of a narcotic to one Willie Williams in a candy store, the transfer being observed by an undercover officer standing outside. Williams later sold the narcotics to the officer. Both defendants were indicted and thereafter the People moved to consolidate both indictments on the ground that they were "intrinsically similar in law and in fact." The motion was granted over Spencer's objection. CPL 200.40 provides for consolidation of separate indict-

ments and joint trial, but only when two or more defendants are charged with the same offense or offenses. If other offenses not common to all defendants are charged, then such offenses must be tried separately. (See *People v Minor,* 49 AD2d 828.) Although a misjoinder of defendant may be waived if not objected to, Spencer clearly did not waive, but rather specifically objected to such misjoinder. Such misjoinder did prejudice Spencer. The case proceeded to trial and shortly before the end of the People's case, the court *sua sponte* indicated to counsel that "it may have been improper in the first instance to join Mr. Williams and Mr. Spencer in a single trial" and that he would give consideration to an application for severance and mistrial, if made. Counsel for Williams and Spencer both made such application, and after a hearing the court severed and granted a mistrial as to Williams, but the court denied the motion as to Spencer, and the trial proceeded over his counsel's objection. By then, 90% of the People's case had been presented. The People argue that appellant suffered no prejudice as a result of either the consolidation or the continuation of his trial after the severance, and, consequently, his conviction must be affirmed. We disagree. Inasmuch as a great deal of evidence concerned the relationship of Spencer and Williams and the crimes they were accused of, it is conceivable that the jury's evaluation of the innocence or guilt of the appellant would be influenced by the weight of evidence against his codefendant, to his prejudice. For instance the details of the sale by Williams to the undercover officer would not be before the jury if it were not for such misjoinder; those details must have colored the jury's evaluation. Only belatedly, when 90% of the prosecution's case had been presented, was the codefendant severed from the case. The trial court's belated decision to sever the cases could not rescue defense counsel's trial strategy that had been long established consistent with the trial court's previous rulings. These conflicting rulings, coming when they did, prejudiced defendant. (See *People v Baum,* 64 AD2d 655.) We have also reviewed the other arguments advanced by appellant on this appeal and find them to be without merit. Concur—Kupferman, J. P., Birns, Evans, Markewich and Lupiano, JJ.