■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SMITH, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered November 16, 1990, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

At trial on defendant's indictment for criminal sale of a controlled substance in the third degree, a police informant testified that she made two drug purchases on the evening of September 1, 1989, the first from an individual named Timmy Tolbert followed by the second from defendant. Tape recordings of the two transactions, obtained through the concealed "wire" worn by the informant, were introduced at trial, as were the two bags purchased by the informant, which were found to contain cocaine.

Defendant contends that he was deprived of his right to a fair trial by the People's failure to timely disclose the tape recording of the transaction between defendant and the informant. According to defendant, a tape recording was disclosed by the People several months prior to trial, but defense counsel found it largely inaudible and not a concern in the preparation of the defense. After the jury had been impaneled, the People produced a tape which defense counsel found to be audible and potentially damaging to defendant. When defense counsel objected, County Court adjourned for the day to permit defense counsel an opportunity to listen to the tape again. The next morning, defense counsel sought to make a motion, but County Court directed him to wait until the end of the day. During cross-examination of the confidential informant, defense counsel stipulated to the introduction of the tape recording and a transcript, which he then used during his cross-examination of the informant. At the end of the day, defendant requested an additional adjournment to allow for further investigation of matters revealed by the tape, but County Court denied the request.

Defendant contends that the tape provided by the People at the beginning of trial was different than the one provided before trial, and that the second tape contained material which required further investigation. According to defendant, he was surprised by the tape recording provided by the People at the start of the trial and was prejudiced by County Court's failure to allow defense counsel sufficient time to investigate and prepare a new trial strategy.

We note that the People's provision of the tape at the start of the trial was not, in and of itself, untimely or prejudicial *(see, People v Bennett,* 162 AD2d 820; *People v Bolling,* 157 AD2d 733, *lv denied* 76 NY2d 731). If, however, the tape produced at trial was in fact different than the tape played to defense counsel several months before the trial, and if defendant was prejudiced by the change, we are of the view that defendant would be entitled to a new trial *(see, People v Pal,* 49 AD2d 631). Whether the tapes were different and, if so, whether defendant was prejudiced as a result thereof are factual issues which cannot be resolved on the evidence in the record on this appeal and, therefore, the matter cannot be considered on direct appeal *(see, People v Worrell,* 110 AD2d 733). Defendant's remedy is to proceed by way of postjudgment motion *(see,* CPL 440.10 [1] [f], [h]).

Next, defendant argues that County Court erred in permitting the informant to testify regarding her purchase of drugs from Tolbert and in allowing into evidence the tape recording of that transaction, which was a separate and distinct tape from that of defendant's transaction with the informant. We are of the view that the informant's testimony about the Tolbert transaction was properly admitted to complete the narrative of events which led to defendant's arrest *(see, People v Rivera,* 162 AD2d 728, 729). The separate tape recording of that transaction, however, was clearly irrelevant to defendant's guilt or innocence, but we are of the view that the error in admitting that tape was harmless *(see, People v Crimmins,* 36 NY2d 230, 240-242). Defendant has articulated no prejudice to him from the admission of the tape and we see none.

Defendant also contends that the People failed to establish a sufficient chain of custody for admission of the two bags of cocaine because no witness could specifically identify either bag at trial as having been purchased from defendant. The informant, however, testified that pursuant to instructions from the police she placed the first purchase, from Tolbert, in her right-hand pocket and the second purchase, from defen-

dant, in the left-hand pocket. She then delivered the purchases to the police in the prescribed sequence. The officer who received them testified that as the informant handed him each bag, he placed it into an evidence bag and labeled the bag as to who had made the sale. At trial, he identified the bags and his handwriting from the field notations. He also testified about sealing the evidence bags, filling out the lab submission request and placing the bags in the evidence safe. Other testimony from those who removed the bags from the safe, transported them to the lab, tested the contents, returned the bags to the evidence safe and transported them to the prosecutor's office was also presented. We find the chain of custody evidence sufficient to meet the requirements of identity and unchanged condition (see, People v Brown, 169 AD2d 934, 936, lv denied 77 NY2d 958). Nor was the jury left to speculate as to whether the cocaine in evidence was purchased from defendant (see, People v Miller, 174 AD2d 901, 902).

Defendant contends that the prosecutor's remarks in his summation about the two bags of cocaine were prejudicial, but in our view the statements constituted nothing more than a fair response to comments made by defense counsel during summation (see, People v Engler, 150 AD2d 827, 830, lv denied 75 NY2d 770). Nor do we see any abuse of discretion in the prison sentence of 7 to 21 years, which is within the statutory guidelines for a class B felony (see, Penal Law § 70.00 [2] [b]; [3] [b]) and which we do not view as harsh and excessive in these circumstances.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.