■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND D. SMITH, Appellant. [700 NYS2d 751] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered May 14, 1996, convicting him of murder in the second degree (ten counts [counts one through ten of the indictment]), arson in the first degree, and arson in the fourth degree, upon a jury verdict, and sentencing him to 25 years to life for each of his convictions for murder in the second degree with the sentences imposed on counts one and two to run concurrently with each other, the sentences imposed on counts three and four to run concurrently with each other and consecutively to the sentences imposed on counts one and two, the sentences imposed on counts five and six to run concurrently with each other and consecutively to the sentences imposed on counts three and four, the sentences imposed on counts seven and eight to run concurrently with each other and consecutively to the sentences imposed on counts five and six, and the sentences imposed on counts nine and ten to run concurrently with each other and consecutively to the sentences imposed on counts seven and eight, $8\frac{1}{3}$ to 25 years for arson in the first degree, and $1\frac{1}{3}$ to 4 years for arson

in the fourth degree, the sentences for arson in the first and fourth degree to run concurrently with each other and concurrently with the sentences imposed for murder in the second degree.

Ordered that the judgment is modified, on the law, by making the sentences imposed for murder in the second degree under counts three and four, five and six, seven and eight, and nine and ten of the indictment run concurrently with the remaining sentences; as so modified, the judgment is affirmed.

As the People correctly concede, the sentences imposed on the defendant's convictions for murder in the second degree must all run concurrently with each other and to the defendant's remaining sentences because the crimes of which he was convicted were predicated on a single act that was a material element of all the crimes charged (*see, People v Kirkwood,* 165 AD2d 881).

The defendant's remaining contentions are unpreserved for appellate review (CPL 470.05 [2]; *see, People v Graves,* 85 NY2d 1024; *People v Tevaha,* 84 NY2d 879) and we decline to address them in the exercise of our interest of justice jurisdiction. Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.