THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK PILORGE, Appellant. [876 NYS2d 519]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Kase, J.), rendered October 24, 2007, convicting him of arson in the second degree, arson in the third degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the jury should not have been allowed to hear statements made by police investigators during a videorecorded and audiorecorded interview of the defendant indicating that the investigators believed that the defendant was lying are unpreserved for appellate review, as no objection was made to the introduction of the tapes (*see People v Keller,* 194 AD2d 877 [1993]; *see generally People v Adams,* 55 AD3d 616 [2008]). The videotape and audiotape of the interview were entered into evidence (*see People v McGee,* 49 NY2d 48, 60 [1979]), without redaction, in accordance with a stipulation. In any event, any alleged error committed by allowing the jury to hear the videotape and audiotape of the police interview of the defendant was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Smith,* 185 AD2d 389, 390 [1992]; *People v Blanco,* 162 AD2d 540, 543-544 [1990]; *cf. People v Heman,* 198 AD2d 434, 435 [1993]).

The sentence imposed was not excessive *(see People v Smith,* 267 AD2d 482 [1999]; *People v Lopez,* 262 AD2d 659, 660 [1999]; *People v Suitte,* 90 AD2d 80 [1982]). Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.