■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO CARMANA, Appellant. [915 NYS2d 512]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Buchter, J.), imposed March 17, 2009, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Dillon, Covello, Chambers and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CHESTNUT, Appellant. [916 NYS2d 787]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered February 2, 2009, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the People correctly concede, the codefendant should have been tried separately pursuant to CPL 200.40 (1) as to the drug counts and resisting arrest count against him, as those counts in no way related to the defendant (*see People v Spencer*, 67 AD2d 867 [1979]; *People v Banks*, 45 AD2d 1024 [1974]). Although the Supreme Court erred in denying the defendant's motion to sever the unrelated counts applicable only to the codefendant (*see* CPL 200.40 [1]), the error was harmless (*see People v Serrano*, 74 AD3d 1104, 1107 [2010]; *People v Singson*, 40 AD3d 1015, 1016 [2007]; *People v Ortiz*, 23 AD3d 499, 500 [2005]). Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.