OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Contrary to defendant’s contention, there was sufficient independent evidence to corroborate the testimony of the accomplice. Although corroborative evidence must be truly independent, and may not draw its probative value from the accomplice testimony (People v Hudson, 51 NY2d 233), it need not itself prove commission of the crime. Rather, it is sufficient if the corroborative evidence tends to connect the defendant to the crime so as to reasonably satisfy the jury that the accomplice is telling the truth (e.g., People v Cunningham, 48 NY2d 938, 940).
Here, the corroborative evidence independently established that the accomplice had participated in the criminal enterprise, and that defendant was in the company of the accomplice prior to and after the crimes occurred. In *972 addition, a portion of a distinctive handkerchief worn by one of the perpetrators was found, partially burned, near a dumpster by defendant’s residence. Finally, defendant’s departure for Detroit and his statement that there was “some trouble,” if interpreted by the fact finder as flight and an admission of guilt, respectively (cf. People v Rumble, 45 NY2d 879, 880), would also constitute corroborative evidence. Cumulatively, these items of evidence were sufficient to satisfy the corroboration requirement (see, e.g., People v Hudson, supra; People v Cunningham, supra).
We have examined defendant’s remaining contentions and conclude that none warrants reversal.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.