■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE ROSELLE, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered July 8, 1982, upon a verdict convicting defendant of the crime of burglary in the third degree. In the early morning hours of February 10, 1982, James Grotto burglarized the Ryder Truck Rental building in Saratoga Springs. Thereafter, he pleaded guilty to the burglary charge. On the night Grotto was apprehended in the Ryder building, he made statements suggesting that another person was involved as the "eyes for the job". Approximately one hour later, the police stopped Grotto's car which was being driven by defendant's sister. Defendant was a passenger in the vehicle. In response to police inquiry, defendant declared that he was being driven home. However, the car was not headed toward his residence. After the police made a visual inspection of the car, aided by a flashlight, they confiscated a CB radio tuned to channel 35 and an antenna on the rear seat floor of the vehicle. A portable CB unit was also discovered at the scene of the burglary tuned to channel C, the functional equivalent of channel 35. A subsequent test at the police station established that communication could be made between the radios. Both CB's were Grotto's property. During defendant's trial, Grotto testified that he had discussed his plan to burglarize the Ryder building with defendant the preceding month and again a week before the crime, but that nothing was agreed upon. Grotto stated further that on the night of the burglary he telephoned defendant and the latter agreed to act as lookout, and that defendant and his sister, as driver of Grotto's car, dropped Grotto off near the Ryder building about 10:30 P.M. and then supposedly drove home. The sister testified that when she asked defendant why Grotto did not drive himself, defendant rejoined that it was "none of her business". Grotto also testified that while he was in the Ryder building, he had attempted to contact defendant on the CB but was unable to ascertain whether it was defendant who answered. Defendant was convicted by a jury of burglary in the third degree as an accessory (Penal Law, § 20.00). Criminal liability for the conduct of another requires both mental culpability, in this case intent, and participation. The accomplice Grotto's testimony was sufficient to establish that defendant intended to actively assist Grotto by acting as a lookout with the expectation of sharing in the proceeds of the burglary. That testimony was corroborated by evidence

tending to connect defendant with the commission of the offense (CPL 60.22), notably, independent evidence that defendant was in the accomplice's car when the accomplice was left near the burglary scene, that defendant was in the very same car a short time following the burglary, that defendant requested his sister to drive him to an unnamed friend's house in the middle of the night without any explanation except that it was none of her business, that when stopped by police, defendant said he was going home when in fact he was headed in the opposite direction, and that a CB unit in the car was tuned to the same channel as the CB unit being used by Grotto. Although the corroborative evidence may not itself prove commission of the crime, cumulatively it furnishes reasonable assurance that the accomplice was telling the truth and that defendant was indeed implicated in the criminal enterprise (*People v Glasper,* 52 NY2d 970, 971). The contention that defendant was entitled to the lesser included offense charge of criminal facilitation in the fourth degree is unavailing for a comparison of the relevant statutes does not demonstrate, as required by *People v Glover* (57 NY2d 61, 63), that in all circumstances it is impossible to commit the greater crime without committing the lesser. Section 20.00 of the Penal Law imposes liability on one who aids another in conduct which constitutes an offense. Criminal facilitation in the fourth degree makes it a crime to engage in conduct enabling another to commit a felony (Penal Law, § 115.00). Since by definition the term "offense" is broader than "felony" (Penal Law, § 10, subds 2, 5), it is possible to commit a violation of the accessorial conduct statute without committing criminal facilitation in the fourth degree. Defendant's other contentions either were not preserved for appeal or are devoid of merit. Judgment affirmed. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.