■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIFER NICHOLS, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.) rendered October 18, 1982, convicting her of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The testimony of defendant's accomplice was sufficient to prove her participation in the planning and execution of an armed robbery of a gas station in Yonkers, as well as her sharing in the proceeds. The only issue of substance tendered on appeal is whether the accomplice's testimony was sufficiently corroborated by independent proof to meet the requirements of CPL 60.22 (1). Contrary to defendant's contention, there was sufficient independent evidence to corroborate his testimony. "Although corroborative evidence must be truly independent, and may not draw its probative value from the accomplice testimony * * * it need not itself prove commission of the crime. Rather, it is sufficient if the corroborative evidence tends to connect the defendant to the crime so as to reasonably satisfy the jury that the accomplice is telling the truth" (People v Glasper, 52 NY2d 970, 971). Here, the corroborative evidence independently established that defendant, a passenger in the vehicle used in the robbery, approached the office of a closed gas station with its pumps padlocked and darkened. She persuaded the attendant to unlock the office and the pumps, initially

asking for directions, and then repeatedly asking for gas. When her accomplice displayed a weapon and threatened to "blow away" the attendant, she calmly stated, "Don't hurt him, he looks like a nice guy". In addition, defendant and her accomplice were arrested in The Bronx within three hours of the robbery. Between them, they possessed the approximate amount of money taken in the robbery, over $550. Cumulatively, these items of evidence were clearly sufficient to satisfy the corroboration requirement (*cf. People v Hudson,* 51 NY2d 233, 240).

We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.