■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ANFOSSI, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Nassau County (Baker, J.), rendered January 4, 1984, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, entered March 8, 1985, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of newly discovered evidence.

Ordered that the judgment and order are affirmed.

The defendant contends that the antagonistic defenses presented by himself and his codefendant required the granting of his motion for a severance. The record, however, indicates that the defendant's motion for a severance was based upon an articulated concern which the trial court resolved to his satisfaction. Where, as here, proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant the granting of a motion for a severance *(see, People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905), and, under the circumstances, the

trial court did not abuse its discretion in denying the motion *(see, People v Bornholdt, supra)*.

Our review of the record further reveals that no " 'injustice or impairment of substantial rights unseen at the beginning' " of the trial has occurred *(People v La Belle,* 18 NY2d 405, 409, quoting from *People v Fisher,* 249 NY 419, 427), and that the joint trial neither resulted in undue prejudice to the defendant nor substantially impaired his defense *(see, People v Cruz,* 66 NY2d 61, 73-74, *cert granted —* US —, 106 S Ct 2888).

As to the denial of the defendant's CPL 440.10 motion to vacate the judgment on the ground of newly discovered evidence, the record indicates that the evidence in question did not meet the criteria set forth in *People v Salemi* (309 NY 208, 216, citing *People v Priori,* 164 NY 459, 472) *(see, People v Balan,* 107 AD2d 811, 814-815). Therefore, the trial court properly denied the motion.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.