◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON BARRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Brewster, J.), rendered July 16, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The police may lawfully conduct a warrantless search of a premises when they have obtained the consent of any party who possesses the requisite degree of authority and control over the premises (United States v Matlock, 415 US 164; Schneckloth v Bustamonte, 412 US 218; People v Cosme, 48

NY2d 286). Here, we find that the defendant's girlfriend, who had lived in the subject apartment with the defendant for approximately 2½ years, had the authority to consent to a search of the premises including the master bedroom, which they shared. While she had left the apartment a week before the search and after a fight with the defendant, her clothes remained in the apartment and she had apparently reconciled with the defendant the night before the search and had in fact, stayed overnight on the premises. The fact that the defendant had physically assaulted her and had taken away her keys does not mitigate against her valid authority and control over the premises. Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress the gun discovered in the bedroom.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.