◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MARCELINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered December 5, 1985, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree (two counts), and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

We agree with the hearing court's finding that one of the occupants of the apartment in which the defendant was arrested had the capacity and did in fact voluntarily and knowingly consent to a search of all the rooms in the apartment *(see, People v Cosme,* 48 NY2d 286). Therefore, upon entering the apartment, the police could properly pursue the defendant, who had darted into a back room, and they could then enter the back room in which the defendant and drugs and drug paraphernalia were found.

The defendant's further argument that the evidence against him was insufficient is unpersuasive. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), the jury could have found that the defendant "exercised sufficient dominion and control to be deemed in possession" of the drugs and the drug paraphernalia *(People v Watson,* 56 NY2d 632, 634; *see, People v Phiefer,* 43 NY2d

719). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The other contentions raised by the defendant are without merit. Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.