■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP OWEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Miller, J.), rendered March 23, 1983, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PALMER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered July 30, 1984, convicting him of manslaughter in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

We find, as did the hearing court, that the defendant made a knowing and voluntary waiver of his *Miranda* rights. The claim that his statements were the product of psychological coercion is unsupported by the record. We also conclude that the refusal of the court to grant his request for a severance on the ground that his defense and the defense of his codefendant Teller were antagonistic did not substantially impair his defense (see, *People v La Belle,* 18 NY2d 405; *cf., People v Teller,* 130 AD2d 528). No issue under *Bruton v United States* (391 US 123), or *Cruz v New York* (481 US —, 107 S Ct 1714) was raised. This issue, if it had been raised, would have been without merit. No violation of the 6th Amendment Confrontation Clause was implicated since each of the defendants testified and exercised his right to cross-examine the other defendant with respect to his statement. Accordingly, the court did not abuse its discretion in denying the defendant's application for a severance. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.