■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALDEMARD FLORES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered June 5, 1984, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, Waldemard Flores, was convicted of shooting the victim, Orlando Lozano, during a robbery in a building located on 675 Union Street, in Brooklyn. He was tried jointly with Ralph Ortiz *(see, People v Ortiz,* 143 AD2d 851 [decided herewith]), who was alleged to have assisted in the robbery but did not fire the shot that killed Orlando. The defendant's principal claim is that the testimony of an accomplice, one Juan Rivera, was not corroborated by independent evidence

tending to connect him to the crimes charged *(see,* CPL 60.22 [2]). It is a long-standing rule that the corroborating evidence need only "tend to connect" the defendant to the crime charged *(see, People v Donovan,* 59 NY2d 834). The independent evidence need not prove that the defendant committed the crime nor need it establish the elements of the crime *(see, People v Donovan, supra; People v Cunningham,* 48 NY2d 938). We conclude on this record that the testimony of an eyewitness to a robbery resulting in the murder of the victim placing the defendant at the scene of the crime, as well as the testimony of a witness who saw the defendant flee from the scene of the crime, is sufficient to connect the defendant to the crime.

We also reject the defendant's claim that a severance should have been granted. The decision of whether to grant a severance to defendants properly tried jointly is discretionary *(see, People v Payne,* 35 NY2d 22, 26). Where proof against each defendant is supplied by the same evidence, only the most cogent reasons warrant severance *(see, People v Anfossi,* 125 AD2d 317). Further, where defendants are tried jointly, one defendant has the right to adduce evidence to exculpate himself *(see, People v Carter,* 86 AD2d 451; *see also, People v Ofunniyin,* 114 AD2d 1045). To substantially deny a defendant this right is reversible error *(see, People v Carter, supra; see also, People v Baum,* 64 AD2d 655). The record before us shows that the the codefendant's counsel sought to cross-examine the People's witnesses regarding their accounts of the robbery and subsequent murder, seeking merely to show that the defendant held the gun while the codefendant Ortiz did not. We conclude that based on this record a severance was not required.

The defendant's remaining contentions, including the claims raised in his behalf by appellate counsel, have been considered and have been found to be either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Holzer,* 52 NY2d 947) or without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.