■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered June 5, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that Ricky Rodriquez, an eyewitness to the robbery that culminated in the shooting death of the victim Orlando Lozano, was an accomplice as a matter of law and that the trial court should have so charged the jury. We disagree. An accomplice is a

"witness in a criminal action who, according to evidence

adduced in such action, may reasonably be considered to have participated in:

"(a) The offense charged; or

"(b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2]).

Where different inferences may reasonably be drawn from the evidence regarding complicity, the question of whether a witness is an accomplice is one for the jury (see, People v Jeffries, 122 AD2d 281, 282). At bar, the defendant's attorney expressly requested that the question of whether Rodriquez was an accomplice be left to the jury and raised no objection when the subject charge was rendered. Accordingly, the matter is unpreserved for appellate review (see, CPL 470.05 [2]; People v Lipton, 54 NY2d 340).

In any event, the question was properly left for the jury. Rodriquez testified that the defendant and his codefendant Waldemard Flores, with whom he was jointly tried (see, People v Flores, 143 AD2d 840 [decided herewith]), approached him, asked him if he wanted to rob someone and that he refused. Rodriquez stated that he then entered 675 Union Street, an apartment building in which he resided, to purchase some marihuana at an apartment located therein, that he received no answer at the door and thereupon went up to his own apartment to use the bathroom. Apparently on the way back down the stairs, standing about 25 feet away, he saw the defendant, codefendant, and another individual named Juan Rivera accost and then rob the victim. When he heard the codefendant Flores threaten to shoot the victim, he fled from the building. Rivera could not recall if Rodriquez was in the building as the attack took place. This evidence, we conclude, more than adequately created a jury question as to Rodriquez's status as an accomplice.

The defendant's remaining contentions have been considered and have been found to be without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.