■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MELVIN DRIVER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered November 2, 1981, convicting him of sodomy in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Defendant argues on appeal, *inter alia,* that the complainant's in-court identification was tainted by a suggestive show-up conducted by the police at the precinct. The People maintain that the complainant's viewing of the defendant at the police station was merely confirmatory since they were prior acquaintances *(see, People v Lang,* 122 AD2d 226, 227, *lv denied* 68 NY2d 1001).

There is no merit to defendant's contention. The evidence adduced at a suppression hearing reveals that the complainant had previously been introduced to the defendant. It was also established at the hearing that the complainant had ample opportunity to clearly view the defendant while the crime was being committed in his apartment and car. Furthermore, the defendant made inculpatory statements, which were admitted at trial, establishing his identity as the perpetrator. Thus, identity was never at issue. In any event, whatever the character of the pretrial identification procedure, its admission into evidence at trial was harmless beyond a reasonable doubt in that there is no reasonable possibility that the error, if any, might have contributed to defendant's conviction *(see, People v Crimmins,* 36 NY2d 230, 237).

We have examined the defendant's remaining contention and find the alleged error to be unpreserved for appellate review and, in any event, meritless. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.