■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCHOT MURPHY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered May 9, 1983, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was convicted of felony murder, contends, inter alia, that there was not sufficient independent proof to corroborate the accomplice's testimony as required by CPL 60.22 (1), because the corroborative testimony did not establish that the predicate felony, an attempted robbery, had occurred. While we agree that the corroborative testimony, by itself, would be legally insufficient to support the defendant's conviction for attempted robbery, that is not the test to be applied. "The requisite independent proof need only connect the defendant to the commission of the crime; it need not prove that he committed it" (People v Dawkins, 151 AD2d 495, 496); "nor need it establish the elements of the crime" (People v Flores, 143 AD2d 840, 841).

At bar, the corroborative evidence established that the defendant was part of a group of three men who arrived at the crime scene and then left together after the crime had occurred, and that the defendant was the only one in the

group who had a gun. This evidence was sufficient "to connect the defendant to the crime so as to reasonably satisfy the jury that the accomplice [was] telling the truth" *(People v Glasper,* 52 NY2d 970, 971; *see also, People v Hudson,* 51 NY2d 233, 240; *People v Richardson,* 126 AD2d 759).

With respect to the defendant's *pro se* argument concerning the reopening of the *Wade* hearing, we reiterate that " '[t]here is no automatic rule which requires that a[n] [identifying] witness testify at a *Wade* hearing' " *(People v Tweedy,* 134 AD2d 467, 468, quoting *People v Brown,* 111 AD2d 928, 929).

We have considered the defendant's remaining contentions and find them either to be without merit or unpreserved for appellate review. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.