■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURA DILONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered February 2, 1984, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant Maura Dilone and a codefendant Eslay Martinez were jointly tried and convicted of intentionally causing the death of Rafael Dilone, Maura's husband. On this appeal, the defendant maintains that the trial court abused its discretion in denying her pretrial motion for a separate trial. We disagree.

Initially, the defendant's claim is not preserved for review as a matter of law (CPL 470.05 [2]). In this regard we note that her motion was based not on the claim of antagonistic defenses now raised, but solely upon an alleged *Bruton* issue *(see, Bruton v United States,* 391 US 123; *see also, Cruz v New York,* 481 US 186). Because the defendant never raised this issue in the Supreme Court, it is not preserved for our review *(see, People v Bouyea,* 142 AD2d 757).

In any event, we find the defendant's contention to be without merit. The decision to grant or deny a separate trial is vested primarily in the sound discretion of the Trial Judge (CPL 200.40), and the defendant's "burden to demonstrate abuse of that discretion is a substantial one" *(see, People v Mahboubian,* 74 NY2d 174, 183). We find no abuse or improvident exercise of that discretion here.

As for the *Bruton* issue, we note that there was no violation of the right to confrontation since the codefendant testified at trial and the defendant exercised her right to cross-examine him with respect to his statement *(see, People v Palmer,* 134 AD2d 462).

The defendant was not denied her right to a fair trial by the

denial of the motion since there was not a "substantial difference in the quality and quantity of evidence which the People had with respect to the defendant and the codefendant" *(People v Larkin,* 135 AD2d 834, 835; *see also, People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905). Moreover, the evidence adduced at trial did not indicate that the defendant's position was completely antagonistic to that of the codefendant, such that joinder of their trials, which arose out of the same circumstances and crimes, resulted in undue prejudice to the defendant, or substantially impaired her defense *(see, People v Anfossi,* 125 AD2d 317; *People v Griffin,* 135 AD2d 730). Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.