■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL B. HENDRICKS, Appellant.—

The defendant, prior to trial, moved to suppress a watch that was recovered by the police after a search of his apartment. The watch matched the description of a watch that was taken from the victim at the time of the shooting. The search by the police of the defendant's apartment was conducted pursuant to the uncoerced consent of the defendant's girlfriend, who shared the apartment with him. Hence, the hear-

ing court properly declined to suppress the watch *(see, People v Adams,* 53 NY2d 1, 8, *cert denied* 454 US 854; *People v Cosme,* 48 NY2d 286; *People v Del Valle,* 149 AD2d 610; *People v Moore,* 148 AD2d 754; *People v Anderson,* 146 AD2d 638; *People v Marcelino,* 133 AD2d 653; *People v Barry,* 125 AD2d 399).

At trial, the testimony of the defendant's accomplice was corroborated by the watch that was found in the defendant's apartment and identified at trial as belonging to the victim and taken from him at the time of the shooting *(see, People v Glasper,* 52 NY2d 970; *People v Italia,* 138 AD2d 743). Additionally, the defendant's acknowledged presence at the scene of the crime at the time of its commission, as well as his apparent attempt to elude apprehension after his apartment was searched, served to corroborate the accomplice's testimony *(see, People v Comfort,* 151 AD2d 1019; *People v Edge,* 127 AD2d 889; *People v Cuevas,* 99 AD2d 553; *see also, People v Moses,* 63 NY2d 299). Cumulatively, this evidence tended to connect the defendant to the crime in such a way as to reasonably satisfy the jury that the accomplice was telling the truth and accordingly was sufficient to satisfy the requirement that an accomplice's testimony be corroborated *(see,* CPL 60.22; *People v Glasper,* 52 NY2d 970, *supra; People v Hudson,* 51 NY2d 233).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to establish that the defendant was a participant in the robbery of the victim and burglary of his residence and that the killing was committed in furtherance of those crimes, thereby establishing the defendant's guilt of felony murder *(see,* Penal Law § 125.25 [3]).

We have considered the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.