■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE LEWIS, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered April 1, 1987, convicting him of murder in the second degree (six counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated December 2, 1988, which denied his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and order are affirmed.

The defendant contends that the judgment of conviction should be reversed because there was insufficient independent proof to corroborate the accomplice's testimony as required by CPL 60.22 (1). The accomplice, who had earlier pleaded guilty to felony murder charges in connection with the criminal action against him, testified regarding the defendant's actions which resulted in the deaths of three persons during the course of a robbery. We find that the testimony of two nonaccomplice prosecution witnesses was sufficient "to connect the defendant to the crime so as to reasonably satisfy the jury that the accomplice [was] telling the truth" *(People v Glasper,* 52 NY2d 970, 971; *People v Murphy,* 153 AD2d 646).

The trial court denied the defense counsel's request to recall a prosecution witness for further cross-examination regarding his possible bias due to his past experience as a police informant. Although this was error *(see generally, Davis v Alaska,* 415 US 308, 316), we find that it was harmless as the evidence of the defendant's guilt was overwhelming, and there is no reasonable possibility that the error might have contributed to his conviction *(cf., People v Simmons,* 75 NY2d 738; *see, People v Crimmins,* 36 NY2d 230; *People v Driver,* 150 AD2d 718).

The defendant's contention that he was denied the effective assistance of trial counsel is without merit. Counsel's strategy and tactics, while ultimately unsuccessful, were reasonable, and we find that the defendant received meaningful representation considering the evidence, the law, and the circumstances of the case *(see, People v Baldi,* 54 NY2d 137).

We have examined the defendant's remaining contentions,

including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Eiber, J. P., Sullivan, Balletta and O'Brien, JJ., concur.