■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY L. JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered October 1, 1991, convicting him of murder in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was convicted of felony murder, contends, *inter alia*, that there was no sufficient independent proof to corroborate the accomplice's testimony as required by CPL 60.22 (1), because the corroborative testimony did not establish the occurrence of the predicate felony, an attempted robbery. We disagree. The requisite independent proof need only connect the defendant to the commission of the crime; it need not prove that he committed it, nor need it establish the elements of the crime *(see, People v Moses,* 63 NY2d 299, 306; *People v Smith,* 55 NY2d 945, 946; *People v Glasper,* 52 NY2d 970, 971; *People v Daniels,* 37 NY2d 624, 630; *People v Murphy,* 153 AD2d 646). The cumulative corroborative evidence established that the defendant was one of two men who were present at the time the deceased was shot and that the defendant had approached the deceased, along with his codefendant, with the intention of robbing him. This evidence was sufficient "to connect the defendant to the crime [in such a way] as to reasonably satisfy the jury that the accomplice [was] telling the truth" *(People v Glasper, supra,* at 971; *see also, People v Hendricks,* 158 AD2d 715, 716; *People v Flores,* 143 AD2d 840, 841).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was a participant in the attempted robbery of the deceased and that the killing was committed in furtherance of that crime, thereby establishing the defendant's guilt of felony murder *(see,* Penal Law § 125.25 [3]).

We further find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.