■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. COVICH, Appellant. [661 NYS2d 369] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]), manslaughter in the first degree (Penal Law § 125.20 [1]), and petit larceny (Penal Law § 155.25), arising out of the strangulation of the victim during a homosexual encounter. He admitted killing the victim, but told the police that it was an "accident" and that he did not mean to do it. At trial, defendant raised a justification defense.

Supreme Court did not abuse its discretion in applying the "rape shield" statute (CPL 60.42) to preclude a defense witness from testifying about a homosexual relationship that he had with the victim 27 years ago and that the victim had more recently engaged in relationships with male prostitutes. The

relationship with the witness was remote in time, and there was no showing that the circumstances of those unrelated allegations "bore a significant probative relation" to the charges in the indictment (*People v Walker*, 223 AD2d 414, 415, *lv denied* 88 NY2d 887).

Upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Although defendant contends that the killing was an accident and that the victim was the sexual aggressor, the proof establishes beyond a reasonable doubt that defendant continued to pull a cord tightly around the victim's neck until the victim died of asphyxiation.

There is no merit to defendant's contention that the court's jury instructions on the meaning of depraved indifference were confusing (*see,* 2 CJI[NY] PL 125.25 [2], at 321). There is also no merit to the contention of defendant that the court abused its discretion during jury selection by denying defense counsel's request that the court direct courtroom security personnel to move away from defendant.

Defendant failed to object to the court's instructions to the jury on the defense of justification (*see,* Penal Law § 35.25) and thus failed to preserve that issue for our review (*see,* CPL 470.05 [2]).

The suppression court properly determined that the woman with whom defendant was living at the time of his arrest consented to the search of her premises (*see, Schneckloth v Bustamonte*, 412 US 218; *People v Cosme*, 48 NY2d 286; *People v Barry*, 125 AD2d 399).

We reject the contention of defendant that he was denied a fair trial by cumulative error.

The sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.