■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVAR MALLOY, Appellant. [693 NYS2d 252] —Mikoll, J. P. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered March 6, 1998, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, while an inmate at Washington Correctional Facility in Washington County, was charged with possessing prison contraband in the form of a sharpened metal object with a handle fashioned from electrical tape attached to a string. A correction officer testified that acting in response to an anonymous tip, he approached defendant and observed what appeared to be a shoe string hanging from the pocket of defendant's pants. Aware through experience that inmates often attach string to weapons for quick access, the correction officer's suspicions were heightened. While he and another correction officer were escorting defendant to the officer's desk, defendant removed an object from his pants and tossed it over his shoulder. The correction officers testified that the object never left their field of vision. Upon its recovery from the floor nearby, the object proved to be the piece of sharpened metal described above, which was admitted into evidence at trial and identified as dangerous contraband.

We observe at the outset that the issues raised by defendant on this appeal have not been preserved for our review. By failing to object to the claimed prosecutorial misconduct or alleged error in jury instructions, defendant waived any objection thereto (*see*, CPL 470.05 [2]; *People v Luperon*, 85 NY2d 71, 78). Nor did his general motion to dismiss the indictment at the close of the People's case, without citing any specific evidentiary deficiency, adequately preserve his claim that the evidence was legally insufficient (*see, People v Williams*, 247 AD2d 416, 417). Nonetheless, we have assessed the trial evidence, and viewing it in the light most favorable to the People, are satisfied that a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Contes*, 60 NY2d 620, 621). Penal Law § 205.25 (2) provides that "[a] person is guilty of promoting prison contraband in the first degree when * * * [b]eing a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses any dangerous contraband". The evidence clearly established that defendant was confined in a detention facility and that the weapon was dangerous contraband. The two correction officers called by the People (as well as the third called by the defense) testified that they observed defendant toss the weapon over his shoulder. Furthermore, exercising our factual review power, and viewing the evidence in a neutral light, we conclude that the verdict was not contrary to the weight of the evidence (*see, People v Bleakley, supra*, at 495).

Defendant next complains that his right to a fair trial was compromised by unnecessarily repetitive testimony concerning the "size, shape, description and danger" of the weapon. Aside from the fact that defendant failed to object to this testimony at trial, in arguing that he was prejudiced by the cumulative effect of the three correction officers' testimony, he overlooks the fact that only two of the three officers who witnessed the event testified for the prosecution, the third officer having been called by defendant. It was incumbent upon the People to prove, as an element of the offense, that the object defendant possessed was dangerous contraband. Moreover, any description of the weapon became moot as the actual object was introduced into evidence and the jurors could view it for themselves.

Turning briefly to defendant's claims of improper conduct by the prosecutor during summation, we note first that defendant's allegation that the prosecutor "bet" the jury that they could get weapons in jail mischaracterizes the record, which reflects that

the prosecutor, speaking rhetorically, said, "Can inmates get weapons? You bet." As to the prosecutor's act of throwing a pen over his shoulder at the beginning of his summation, despite the lack of any objection thereto by defendant, County Court instructed the jury that this demonstration was improper and should be disregarded. Nor do we accept defendant's claim that the prosecutor improperly vouched for the credibility of his witnesses. His argument that three experienced correction officers would not likely risk their careers, family or liberty by lying about the incident was a fair response to the defense statement that "certainly someone is not telling the truth * * *[t]here are so many inconsistencies I had to write them down" (see, People v Keller, 238 AD2d 758). The prosecutor's comment that the defense position was either that defendant did not have the weapon or that he was "set up" by the officers was not an express reference to defendant's failure to testify, nor was such an adverse inference the inevitable conclusion to be drawn from it (see, People v Spratley, 237 AD2d 545, 546).

Finally, defendant asserts that County Court erred in twice charging the jury that it could not take into account sympathy for defendant in deciding guilt or innocence. Prior to instructing the jury, the court reviewed its proposed charge with counsel. Defendant neither objected to the charge nor requested any special instructions, precluding appellate review of any claimed defects therein (see, People v Covich, 241 AD2d 932, 933). Even were the argument preserved, it is meritless. The reference to sympathy, made during the course of the court's standard jury instruction on reasonable doubt, and repeated in response to a jury request therefor, was not improper.

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.