■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CATO, Appellant. (Appeal No. 1.) [761 NYS2d 909] —Appeal from a judgment of Ontario County Court (Doran, J.), entered October 9, 2001, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of crimes arising from his sale of cocaine on four separate occasions. Contrary to the contention of defendant, County Court properly denied his challenge for cause to prospective jurors Nos. 6 and 7. The totality of their responses establishes that both jurors gave unequivocal assurances of impartiality (*see People v Chambers,* 97 NY2d 417, 419 [2002]; *People v Parker,* 304 AD2d 146 [2003]).

Defendant also contends that the court erred in failing to give a missing witness charge. Even assuming, arguendo, that the court erred in failing to give the charge, we conclude that the error is harmless inasmuch as "[t]he proof of guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error" (*People v Martinez,* 294 AD2d 933, 935 [2002], *lv denied* 98 NY2d 678 [2002]; *see People v Guarino,* 298 AD2d 937, 938 [2002], *lv denied* 98 NY2d 768 [2002]; *People v Williams,* 286 AD2d 918, 919 [2001], *lv denied* 97 NY2d 763 [2002]).

Contrary to the further contention of defendant, the court properly precluded his wife from testifying concerning "collateral matters intended merely to impeach the * * * credibility [of a prosecution witness]" (*People v Chesson,* 303 AD2d 418, 419 [2003]). Defendant's additional contention that the testimony was admissible on the issue of bias is not preserved for our review (*see id.*), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also contends that he is entitled to a new trial because he was not permitted to ask a prosecution witness on cross-examination whether she was still a police informant at the time of trial. We disagree. While proof of bias is not collateral, a court may limit such cross-examination in the exercise of discretion (*see People v Cullen,* 236 AD2d 808 [1997], *lv denied* 89 NY2d 1010 [1997]). We perceive no abuse of discretion where, as here, defendant had a full opportunity to cross-examine the witness on her status as a police informant at the time she witnessed one of the alleged drug sales (*see People v Riggins,* 298 AD2d 192 [2002], *lv denied* 99 NY2d 563 [2002]; *see also People v Messa,* 299 AD2d 495, 496 [2002]). Even assuming, arguendo, that the court's ruling was an abuse of discretion, we conclude that the error is harmless (*see People v Lewis,* 168 AD2d 637 [1990], *lv denied* 77 NY2d 997 [1991]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.