■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RUIZ, Appellant. [778 NYS2d 559]—

Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 25, 2003, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Following a jury trial, defendant, an inmate, was convicted of the crime of promoting prison contraband in the first degree. The conviction stemmed from an indictment accusing defendant of unlawfully possessing a $6^3/_4$-inch sharpened metal shank at the correctional facility in which he was incarcerated. County Court thereafter sentenced defendant to a prison term of $2^1/_2$ to 5 years. Defendant appeals.

Defendant's only contention on appeal is that the prosecutor committed misconduct during his summation by improperly attacking defendant's credibility and vouching for prosecution witnesses, thereby substantially prejudicing defendant and depriving him of the right to a fair trial. We are unpersuaded. First, defendant failed to preserve this issue for our review by objecting during the prosecutor's summation or at any point thereafter (*see People v Malloy*, 262 AD2d 798, 799 [1999], *lv denied* 93 NY2d 1022 [1999]). We decline to reverse in the interest of justice, as our review of the summation reveals no impropriety. At trial, defendant's theory of the case, emphasized during defense counsel's summation, was that the correction officer who testified to his discovery of the shank on defendant had actually fabricated the charge in an effort to frame him. In light of defendant's attempts to discredit the prosecution witnesses in this manner, the prosecution's response represented fair comment; "[f]aced with defense counsel's focused attack on [the] credibility [of the People's witnesses'], the prosecutor was clearly entitled to respond by arguing that the witnesses had, in fact, been credible. An argument by counsel that his witnesses have testified truthfully is not vouching for their credibility" (*People v Overlee*, 236 AD2d 133, 144 [1997], *lv denied* 91 NY2d 976 [1998] [citation omitted]; *see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Baker*, 4 AD3d 606, 608-609 [2004]).

In this regard, we further note that defendant has mischaracterized the prosecutor's statement, "if he's going to concoct a story, let's do it up right," as referring to defendant; it is readily apparent that the prosecutor was, in fact, referring to the correction officer whom defendant accused of conspiring to frame him. In short, we find that none of the comments of which defendant complains impermissibly shifted the burden of proof to defendant, vouched for the credibility of prosecution witnesses, inflamed the passions of the jury, denigrated defendant or "was [otherwise] so flagrant and pervasive as to compel the conclusion that defendant was deprived of a fair trial" (*People v Skinner*, 298 AD2d 625, 627 [2002]; *see People v Galloway*, 54 NY2d 396 [1981]). Accordingly, the judgment of conviction must be affirmed.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.