■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY D. SPENCER, Appellant. [791 NYS2d 727]—

Lahtinen, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered September 26, 2003, upon a verdict convicting defendant of the crimes of burglary in the

second degree and grand larceny in the fourth degree (three counts).

Defendant and his brother were suspects in several burglaries and, in February 2003, they were stopped while traveling in a car and arrested. A parole warrant that had been previously issued as regards defendant was one of the reasons articulated by officers for the arrest. Defendant was transported to a police station, was advised of his *Miranda* rights and eventually admitted involvement in a burglary in the Town of Owego, Tioga County, in which he and his brother had entered a home, stolen guns and later sold the items to a police informant. Indeed, police had the area where that sale had occurred under surveillance, although their view of the actual transaction had been blocked by the open trunk of the car. Defendant was indicted for the crimes of burglary in the second degree and three counts of grand larceny in the fourth degree. Following a jury trial, he was convicted on all counts. Defendant appeals.

We affirm. Defendant argues that the stop of the car and his ensuing arrest were illegal and that all evidence flowing therefrom should have been suppressed. Defendant did not, however, raise this issue before County Court and, accordingly, the issue was not properly preserved for review (*see People v Jones*, 8 AD3d 897, 898 [2004], *lv denied* 3 NY3d 708 [2004]). Were we to consider the issue, we would find that evidence in the record from the *Huntley* hearing and trial reveals no merit to the argument. There was ample proof to establish a reasonable suspicion that the occupants of the car had been involved in unlawful activity and, thus, the stop was proper (*see People v Sobotker*, 43 NY2d 559, 563-564 [1978]; *People v Ingle*, 36 NY2d 413, 420 [1975]). Moreover, one officer observed defendant getting into the car and, since there was reportedly a parole warrant for defendant, this also afforded an adequate ground to stop the car, as well as to effect a lawful arrest.

Defendant further contends that his statement to police was not voluntary. The fact that police indicated to defendant that he might help himself by cooperating certainly does not rise to the level of being a deceptive practice so fundamentally unfair as to deny defendant due process or render his statement involuntary (*see People v Dickson*, 260 AD2d 931, 932 [1999], *lv denied* 93 NY2d 1017 [1999]). Defendant's suggestion that his inculpatory statement may have been elicited before the *Miranda* warnings were administered is meritless. County Court determined, following a *Huntley* hearing, that defendant was apprised of his *Miranda* rights and that his statement was voluntarily given thereafter. This determination is fully supported by the record.

We are unpersuaded by defendant's contention that some of the prosecutor's comments in summation constituted reversible error. There was no objection to the comments and, thus, the issue was not properly preserved (*see People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]; *People v Malloy*, 262 AD2d 798, 799 [1999], *lv denied* 93 NY2d 1022 [1999]). Nor is reversal in the interest of justice appropriate since our review fails to reveal prosecutorial conduct that resulted in substantial prejudice to defendant (*see People v Ciborowski*, 302 AD2d 620, 622-623 [2003], *lv denied* 100 NY2d 579 [2003]).

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.