■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH A. MAYO, Appellant. [809 NYS2d 647]—

Peters, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 21, 2004, upon a verdict convicting defendant of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree, attempted escape in the second degree and driving while ability impaired.

Defendant was operating a motor vehicle in the City of Elmira, Chemung County, with an expired inspection sticker. Kirk Crandall, an Elmira police officer, motioned for defendant to stop. Instead, she continued driving through several intersections and eventually stopped in her driveway. Based upon Crandall's observations, he concluded that she was intoxicated. After she failed several field sobriety tests, he arrested and handcuffed her, and thereafter placed her in his patrol car. In the course of driving her to the police station, she became irate and started to kick the back window. When Crandall stopped the car and opened the back door, defendant leapt out of the car in an unsuccessful attempt to escape.

---

2. Notably, at the time of his arrest, defendant stated that the drugs "[weren't] a felony weight or amount."

By a three-count indictment, defendant was charged with driving while intoxicated as a felony (the predicate offense being her 2002 conviction for driving while intoxicated), aggravated unlicensed operation of motor vehicle in the first degree and attempted escape in the second degree. Following a jury trial, she was found guilty of the lesser included offense of driving while ability impaired and the remaining two counts of the indictment. Sentenced to an aggregate term of one year, she appeals.

Defendant contends that County Court erred in denying her motion to suppress the evidence obtained from the traffic stop because the People failed to establish probable cause for her arrest. We disagree. At the pretrial hearing, the People presented evidence that defendant was observed driving with an expired inspection sticker. As this justified Crandall's initial stop of her vehicle and defendant only challenged the validity of the stop, no further review is required (see People v Spencer, 16 AD3d 918, 919 [2005], lv denied 5 NY3d 770 [2005]).

Next addressing the challenge to Crandall's rebuttal testimony, the record reveals that upon the completion of the People's evidence, the defense proffered the testimony of Sandra Rubio, a board certified endocrinologist. Rubio testified that two weeks prior to defendant's arrest, defendant was referred to her regarding possible hyperthyroidism. At the time of Rubio's examination, defendant's level of thyroid hormones were extremely elevated. She exhibited symptoms of hyperthyroidism which included jitteriness, heart palpitations, increased sweating and tremors. Rubio explained that in an extreme case of hyperthyroidism, thyrotoxicosis can occur which manifests as, among other things, psychotic behavior. Considering defendant's condition at the time of her evaluation, Rubio opined that it was possible that by the time of defendant's arrest, she could have been suffering from thyrotoxicosis.

Upon the completion of Rubio's testimony, the People moved, in limine, to recall Crandall as a rebuttal witness regarding his two previous arrests of defendant. According to the People, defendant had acted "normally" on those other occasions. The defense objected, contending not only that the proposed rebuttal testimony was too remote in time—one arrest was almost four years prior whereas the other was three—but also that there was no basis to believe that defendant suffered from hyperthyroidism which could have elevated to thyrotoxicosis at the time of those arrests. Finally, the defense contended that any information about such prior arrests would be unduly prejudicial. County Court permitted Crandall to testify and advised

that it would give a limiting instruction. Crandall stated that on all of his prior arrests of defendant, he had handcuffed her, placed her in his patrol car, and transported her without incident. Recognizing that Rubio's testimony opened the door to the admission of this evidence, which could cast doubt upon her conclusion (*see People v Fardan*, 82 NY2d 638, 646 [1993]), we find no error.

Defendant's remaining ascriptions of error include a claim that the People wrongly elicited testimony concerning her silence on the day of the incident in response to questioning regarding her drinking and a further claim that County Court's jury instructions on the charge of attempted escape in the second degree were ambiguous. These contentions were not properly preserved and we decline their review in the interest of justice.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.