■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY STUDSTILL, Appellant. [811 NYS2d 189]—

Mugglin, J. Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered March 15, 2004, upon a verdict convicting defendant of the crime of assault in the second degree, and (2) from a judgment of said court, rendered April 29, 2004, which resentenced defendant.

Defendant, an inmate, was charged with assault in the second degree after he punched a correction officer and broke the offi-

cer's nose. Defendant was found guilty by a jury and sentenced as a second felony offender to a prison term of seven years, followed by five years of postrelease supervision. Defendant appeals.

Defendant first argues that the sentence imposed is harsh and excessive and should be reduced in the interest of justice. "A sentence which falls within the statutory parameters will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances" (*People v Lanfair*, 18 AD3d 1032, 1034 [2005], *lv denied* 5 NY3d 790 [2005] [citations omitted]). Here, we find neither. Despite defendant's lengthy criminal history—including a prior felony assault conviction—and his current sentence following a manslaughter conviction, County Court, in the exercise of its discretion, rejected the People's request to sentence defendant as a persistent felony offender. As part of his attack on the sentence, defendant claims that County Court denied his motion to dismiss the indictment because of a 16-month preindictment delay. Although the record does not contain the motion, hearing transcript or decision (*see People v Hentley*, 155 AD2d 392, 393-394 [1989], *lv denied* 75 NY2d 919 [1990]), analysis of the reviewable, relevant factors suggests that the issue lacks merit (*see People v Harrison*, 23 AD3d 689, 690 [2005]; *People v Alger*, 23 AD3d 706, 706-707 [2005]).

Next, we consider defendant's challenges to the legal sufficiency of the evidence and the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt (*see People v Haight*, 19 AD3d 714, 715 [2005], *lv denied* 5 NY3d 806 [2005]). The prosecution evidence established, if accepted, that on the date in question defendant unjustifiably struck a correction officer in the face, intending to, and thereby inflicting, physical injury, thus proving every element of the crime charged. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilty was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant candidly admits that the verdict turns solely on issues of credibility, issues which the jury obviously resolved against him. Since we accord the jury's resolution of credibility issues great deference, given its first-hand opportunity to observe and hear the witnesses, we are unconvinced that the verdict is against the weight of the evidence (*see People v Walton*, 16 AD3d 903, 904 [2005], *lv denied* 5 NY3d 796 [2005]).

Defendant's present claim that his constitutional rights were violated because the jury did not represent a fair cross-section of the community is without merit. In order to succeed on such a motion, a defendant must establish that a substantial and identifiable segment of the community was systematically excluded from the jury pool (*see People v Blanchard*, 279 AD2d 808, 811 [2001], *lv denied* 96 NY2d 826 [2001]; *People v Williams*, 256 AD2d 661, 663 [1998], *lv denied* 93 NY2d 981 [1999]). There is simply no evidentiary support for this contention.

Defendant next contends that he was denied a fair trial as a result of prosecutorial misconduct during summation. As there was no objection to any portion of the summation, this issue has not been preserved for our review (*see People v Malloy*, 262 AD2d 798, 799 [1999], *lv denied* 93 NY2d 1022 [1999]). In any event, the prosecutor's remarks concerning defendant's witnesses, given defendant's attempt to discredit the prosecution witnesses, were fair comment as the case turned exclusively on credibility (*see People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]). In short, we find nothing in the prosecutor's summation which leads to the conclusion that defendant's right to a fair trial was in any way infringed (*id.* at 832).

Lastly, defendant's claim of ineffective assistance of counsel is based upon what he perceives as inadequate investigation by trial counsel of the background of the correction officers involved and failure to obtain and introduce in evidence a video of medical treatment rendered to the injured parties. Defendant's claims are based only on speculation and conjecture. Inasmuch as our review of the record reveals that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]), we reject defendant's suggestion that he was denied his right to a fair trial (*see People v Benevento*, 91 NY2d 708, 713 [1998]).

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgments are affirmed.