■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE ROSSELLI, Appellant. [815 NYS2d 376]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 2, 2003. The judgment convicted defendant, after a nonjury trial, of criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed and the matter is remitted to Niagara County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him after a bench trial of criminal possession of stolen property in the fifth degree (Penal Law § 165.40). Contrary to the contention of defendant, the People timely and effectively communicated their notice of readiness for trial. The record establishes that there was the requisite "communication of readiness by the People which appears on the trial court's record" (*People v Kendzia*, 64 NY2d 331, 337 [1985]), and defendant concedes that defense counsel received a timely facsimile transmission of the People's written notice of readiness, thus satisfying the further requirement that "a written notice of readiness [be] sent by the prosecutor to . . . defense counsel" (*id.*). Contrary to defendant's further contention, County Court did not abuse its discretion in restricting the cross-examination of a prosecution witness with respect to her current financial difficulties (*see generally People v Duffy*, 36 NY2d 258, 262-263 [1975], *mot to amend remittitur granted* 36 NY2d 857 [1975], *cert denied* 423 US 861 [1975]) and, in any event, any error in

the court's restriction of the cross-examination of that witness is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Lewis*, 168 AD2d 637 [1990], *lv denied* 77 NY2d 997 [1991]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Green, JJ.