The People of the State of New York, Respondent,
against
Michael Codd, Appellant. 




Gary R. DeFilippo, for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Susan Quirk, J.), rendered February 2, 2018. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree and harassment in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law and facts, and as a matter of discretion in the interest of justice, and the matter is remitted to the Criminal Court for a new trial.
Defendant was charged in an accusatory instrument with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). Prior to a nonjury trial, the People moved to reduce the charge of assault in the third degree to attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), and the Criminal Court granted that application. The complainant and his wife (defendant's neighbors) testified at the trial, and three 911 calls and a surveillance video taken from the complainant's home were entered into evidence. After the People rested their case, defense counsel moved for a trial order of dismissal, which motion the People opposed and the court denied. Following the trial, the court found [*2]defendant guilty as charged. On appeal, defendant contends, among other things, that the court erred in failing to consider his justification defense pursuant to Penal Law § 35.10 (6) and, by operation of law, one of the ensuing provisions referred to therein, Penal Law § 35.25, as a reasonable view of the evidence supported the conclusion that he had used physical force justifiably to prevent or terminate a larceny of his personal property.
The issue as to whether the court should have charged a justification defense (see Penal Law §§ 35.10 [6]; 35.25) and, consequently, whether the People were required to disprove such a defense beyond a reasonable doubt (see Penal Law §§ 25.00 [1]; 35.00) is not preserved for appellate review, since defendant failed to request specific instructions or to object to the court's charge as given (see CPL 470.05 [2]; People v Covich, 241 AD2d 932 [1997]; People v Hyc, 240 AD2d 431 [1997]). However, in cases where justification is the central issue to be decided, as in the case at bar, an appellate court can exercise its discretion in the interest of justice and review whether such a claim should have been considered by the trial court (see People v Copeland, 216 AD2d 55 [1995]; People v Coleman, 122 AD2d 568 [1986]; People v Flores, 75 AD2d 649 [1980]), and we do so here, given the events depicted in the surveillance video and the implicit inferences that can be drawn from defendant's motion for a trial order of dismissal made at the close of the People's case. Based upon our review of the surveillance video, viewed in a light most favorable to defendant (see People v Padgett, 60 NY2d 142, 144-145 [1983]; People v Steele, 26 NY2d 526, 529 [1970]), we find that the court's failure to consider such a justification defense warrants a new trial.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Criminal Court for a new trial.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 01, 2019