People v Trine (2020 NY Slip Op 06608)





People v Trine


2020 NY Slip Op 06608


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


667 KA 19-00014

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK TRINE, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (JOHN J. GILSENAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered August 30, 2018. The judgment convicted defendant upon his plea of guilty of driving while intoxicated, a class E felony (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [i] [A]), defendant contends that County Court erred in refusing to suppress evidence obtained following an unlawful traffic stop. We affirm.
The evidence at the suppression hearing established that a New York State Trooper stopped the vehicle defendant was driving after observing that the vehicle did not have an inspection sticker affixed to the lower left corner of its windshield. During the stop, defendant acknowledged that his vehicle had recently failed its inspection and produced a document extending the prior inspection period by 10 days. The Trooper testified that he did not see this document on defendant's windshield at the time he initiated the traffic stop. Indeed, the evidence at the hearing established that the document was not affixed to the windshield, but had been placed on the dashboard behind the registration sticker.
A police officer may lawfully stop a motor vehicle where he or she has probable cause to believe that the driver of the car has committed a traffic violation (see People v Guthrie, 25 NY3d 130, 133 [2015], rearg denied 25 NY3d 1191 [2015]; People v Robinson, 97 NY2d 341, 349 [2001]). Vehicle and Traffic Law § 306 (b) provides that "[n]o motor vehicle shall be operated or parked on the public highways of this state unless a certificate or certificates of inspection . . . is or are displayed upon the vehicle or affixed to the registration certificate for the vehicle." Here, the uncontroverted evidence established that, at the time the Trooper initiated the traffic stop, he observed no inspection documentation displayed in the vehicle's windshield, and therefore the stop was justified (see generally People v Mayo, 26 AD3d 669, 670 [3d Dept 2006]; People v Daniger, 227 AD2d 846, 846 [3d Dept 1996], lv denied 88 NY2d 1020 [1996]; People v Bowdoin, 89 AD2d 986, 987 [2d Dept 1982]; cf. People v Driscoll, 145 AD3d 1349, 1350 [3d Dept 2016]). Although defendant subsequently produced a document showing that he had received an extension on his inspection certification, that document was not displayed at the time the Trooper initiated the stop because it was not visible through the windshield but rather was concealed by the registration sticker.
We reject defendant's contention that the validity of the initial stop should be analyzed under the mistake of fact doctrine (see generally Guthrie, 25 NY3d at 134; People v Smith, 1 AD3d 965, 965 [4th Dept 2003]) inasmuch as the Trooper did not effectuate the stop based on a mistake of fact with respect to whether the required inspection documents were displayed on the [*2]vehicle's windshield.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court